CASE 77—PETITION ORDINARY—FEBRUARY 12.

# Ferguson vs. True and Walker.

APPEAL FROM METCALFE CIRCUIT COURT.

1. Whatever amount the public funds lack of paying the teacher of a district common school should be raised and collected by the trustees of the district, by subscription or otherwise, under section 8, article 6, of act of 1864, or by a tax on the property as provided by act of 1865. The teacher should have nothing to do with raising or collecting this fund; and if the trustees fail to do so, they are personally liable to the teacher for the amount they agreed to pay him.

2. If one of the trustees of a common school district is employed to teach the district school by the other two trustees thereof, he thereby vacates his office of trustee, the duties of trustee and teacher being incompatible.

GARNET & DOHONEY,                                    For Appellant,

CITED—

*Secs. 5, 7, 8, art. 6, Common School Laws*; *Myers' Sup.*, 452.

LESLIE & BOTTS,                                    For Appellees,

CITED—

1 *Met.*, 71; 13 *B. Mon.*, 213; 4 *Met.*, 354.
6 *B. Mon.*, 619.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Ferguson sued True and Walker upon the following obligation, dated August 7, 1865: "I, F. A. Ferguson, agree to teach the common school in district No. 42, in Metcalfe county, Kentucky, for the sum of forty-six dollars per month. We, the trustees, do bind ourselves to pay said Ferguson the above named sum, as soon as the

public funds can be collected, for services rendered in this year.           WM. M. TRUE,

"ST. CLAIR WALKER, *Trustees*."

The public funds for the support of common schools due said district only amounted to seventy-eight dollars and thirty-two cents; at least that is the only amount paid over to the plaintiff.

This suit is to recover of True and Walker, personally, the remainder due Ferguson for three months' service. They deny their personal responsibility; say they contracted as trustees, and were only liable to appropriate the public funds, which they have done, and that plaintiff must look to the patrons of the school for the remainder due him. The law and facts were submitted to the judge, who dismissed plaintiff's petition without prejudice, and he seeks a reversal.

By an act approved January 30, 1864 (*Myers' Sup.*, 439), the common school laws were revised and reduced into one. By section 5, article 6, of said act, the trustees of each school district are made a body-politic and corporate, with perpetual succession. By section 7, " they shall have power to select a qualified teacher, *agree with him as to compensation*, and, for good cause, of which he shall first be notified in writing, remove him. By section 8, "*they may appoint a collector to collect all sums due the teacher, by subscription or otherwise*, and allow him a reasonable compensation therefor." By section 1, article 8, common schools are defined to be such as are taught three months by a qualified teacher, under the *control* of the *trustees* and commissioners, and at which *every free white child* in the district, "*between the ages of six and twenty years, has had the privilege of attending, whether contributing towards defraying its expenses or not.*"

And by an act approved March 2, 1865 (*Myers' Sup.*, 459), it is provided, that a tax may be levied upon the

taxable property of the people of the district, if a majority shall consent thereto, in the way defined in said act, in aid of the common school of the district.

It is obvious, from all these provisions, that, before the trustees of a district could draw the public funds, they must provide that a common school should be taught three months, at which every free white child, between 6 and 20 years, residing in the district, should be allowed to attend, and that none should be excluded, whether they contributed or not; and that, whatever the public fund due said district should lack of paying the teacher, should be raised and collected by the trustees, by subscription or otherwise, under section 8, article 6, of act of 1864, or by a tax on the property as provided by the act of 1865; and that the teacher should have nothing to do with this; for if he should be compelled to look to the patrons for any part of his compensation, he must necessarily have the power of excluding such as should be unwilling or unable to contribute, and thus contravene the policy of the statute.

The trustees being a body-corporate, with power to contract for the services of the teacher, and fix the compensation, they must ascertain what amount must be raised in addition to the public funds, and provide for its collection, either by contribution from the patrons or otherwise; and the teacher is to have no interest whatever in the manner in which it is to be raised; but is to teach all that reside in the district, within the given ages, without let or hindrance, or inquiry as to whether they are or not contributors to the fund.

This is not a contract that he shall take the public funds due the district, but that he shall have forty-six dollars per month for teaching the common school, to be paid when the public school fund could be obtained,

for services rendered in that year—and means that the trustees will then have a sufficiency raised otherwise, when put with the public fund, as shall be adequate to the discharge of the price agreed on, and which is also in accordance with the policy of the common school law.

As the trustees showed no effort, by any of the legal means in their power, to raise the fund to discharge the remainder of this agreed compensation, they presented no cause in bar or abatement of said action, and the demurrer to their answer should have been sustained.

The only consequence attached to Ferguson's being a trustee, when this agreement was made, would be the vacation of his office as such, the duties of trustee and teacher being incompatible; but the other two trustees being a majority, had the legal capacity to contract for the services of a teacher.

Instead of dismissing plaintiff's petition without prejudice, his demurrer to defendants' answer should have been sustained.

This case comes within the principles and reasoning of this court in *Trask vs. Roberts et al.*, 1 *B. Monroe*, 201, *and Guffield vs. Town of Bowling Green*, 6 *B. Monroe*, 226.

Wherefore, the judgment is reversed, with directions for further proceedings as herein indicated.