CASE 72—AGREED CASE—APRIL 3.

| 95 | 415 |
|----|-----|
| 97 | 387 |
| 97 | 532 |
| 95 | 415 |
| 98 | 393 |
| 99 | 95 |

## Johnson v. Wilson.

APPEAL FROM FAYETTE CIRCUIT COURT.

ELECTION OF CITY OFFICERS UNDER NEW CONSTITUTION.—Under section 167 of the Constitution of 1891, the terms of all city and town officers expired in November, 1893, as that section was intended to provide for the election at that time, not only of city officers whose election was specifically provided for by the Constitution, or by general laws enacted in conformity to its provisions, but also for the election of officers provided for by such city charters as might in November, 1893, be still in force by reason of the failure of the Legislature to pass a general law for the government of such cities. Therefore the term of the treasurer of the City of Lexington, elected in March, 1892, expired in November, 1893, and his successor was then properly elected, although the city charter, which was continued in force by the Constitution (except so far as is inconsistent with its provisions), and which had not in November, 1893, been superseded by a general law for the government of cities of that class, fixed the term at two years.

J. R. MORTON FOR APPELLANT.

The election of appellee in November, 1893, was unauthorized, and therefore appellant is entitled to hold the office until the election and qualification of his successor as provided by law. (Secs. 160, 166, 167 of the Constitution of Kentucky; sec. 1 of the schedule to the Constitution.)

M. H. BUFORD FOR APPELLEE.

Cited: Secs. 148, 160 and 167 of the Constitution.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The controversy between the appellant and the appellee is shown by the following "agreed case," submitted by the parties to the lower court for adjudication, to-wit:

"That on the first Saturday of March, 1892, and at the regular city election that year, defendant, D. V. Johnson, was duly elected treasurer of the City of Lexington, and

duly qualified as such on April 14, 1892, and has since that time held said office and discharged the duties thereof. That, at the regular election held on the 7th day of November, 1893, plaintiff, B. B. Wilson, was elected treasurer of the City of Lexington, and has taken the oath required by law, and executed bond for the faithful performance of his duties as treasurer. That plaintiff has demanded of defendant the possession of the office of treasurer of the city, together with the money in the hands of the defendant, as treasurer, and defendant has refused to deliver the same, claiming that his term of office has not expired, and does not expire upon the election and qualification of the plaintiff, as by him claimed."

The judgment was for Wilson, and Johnson has appealed.

Section 167 of the Constitution of 1891 provides that "all city and town officers in this State shall be elected or appointed, as provided in the charter of each respective town and city, until the general election in November, 1893, and until their successors shall be elected and qualified, at which time the terms of all such officers shall expire; and at that election, and thereafter as their terms of office may expire, all officers required to be elected in cities and towns by this Constitution, or by general laws enacted in conformity to its provisions, shall be elected at the general elections in November, but only in the odd years, except members of municipal legislative boards, who may be elected either in even or odd years, or part in the even and part in the odd years," etc.

The treasurer of the city, under the old charter, was

elected for a term of two years and therefore, unless it be otherwise provided in the foregoing section, Johnson's term would not terminate until in April, 1894. We think that if effect be given the plain intent of this section, the term of the treasurer expired in November, 1893. It is true he was to hold until the general election in November, 1893, *and* until his successor was elected and qualified; but this is the usual method provided to prevent a vacancy, when from some unforeseen circumstance no election has been held at the regular time, or some time must elapse until the succeeding officer shall qualify and be inducted into the office. As said in Stevens v. Wyatt, 16 B. M., 542: "Such continuation was manifestly designed to obviate any inconveniences that might attend vacancies occurring between the expiration of the term of the incumbent and the qualification of his successor." .

Therefore, although Johnson's term under the old charter would not expire until in April, 1894, yet in view of the foregoing section he took the office "until the general election in November, 1893," but he might hold over until his successor should be elected and qualified. But it is said that there is no provision in the law for the election in November of a treasurer for cities of the second class; that the section provides only that at that election officers required to be elected in cities and towns by the Constitution (and there is no such requirement as to the office of treasurer), or by general laws enacted in conformity to its provisions (and there were none for this city), shall be elected at the general elections in November.

In other words, that under section 160 the mayor or chief executive, police judges, members of legislative

boards or councils of towns and cities shall be elected by the qualified voters thereof, but nothing is said of the election of treasurers, and therefore this election in November is not provided for under the Constitution, and moreover, that their election was not provided for by any general law enacted in conformity to the Constitution, because of the failure of the General Assembly to do so until after the election of 1893. And these two classes of officers are the only ones to be elected at the November election, 1893— that is, first, those officers required to be elected under the Constitution, and second, those to be elected by virtue of some general law of the General Assembly, and into neither of these classes does the office in question fall, though intended to be regulated by a gene     w as yet not enacted. This construction is over si     Its adoption would lead to the absurd conclusion that, after providing in plain language for the expiration of the term of all appointed and elected officers of cities and towns, yet the makers of the Constitution made no provision for the election of their successors and intended certain of these " hold overs " to continue in office indefinitely, and in contravention at least to the spirit of the Constitution.

If the term of the appellant did not expire in November, 1893, it would seem that he must hold his office until in 1897, or at any rate until ousted by legislative enactment. Under the provisions of section 166 of the Constitution, the law of the city, as embraced in its charter, was continued in force, save in so far as inconsistent with the Constitution, and therefore the election for treasurer provided for in the old instrument was properly held under the new in November, 1893, when that officer's term

expired, as it could not be held in March or April, 1894.

Moreover, it would seem, by reason of the continuation of the provisions of the charter, which required the election of the treasurer by the qualified voters, that his election was one required by the new instrument. The old law required his election, and this requirement was continued in the new by keeping the old law alive and in force, the time only of the election being changed and the expiration of the term. It was therefore an election under the new law of an officer required to be elected by the new law, because the new prolonged the old in this particular.

While some confusion has arisen by reason of the failure of the General Assembly to pass, prior to November, 1893, the general laws contemplated by the framers of the Constitution, thus giving rise to the somewhat plausible contention of the appellant, we are convinced that the construction adopted by the learned judge below is more nearly in accord with the intent and meaning of the new instrument.

Judgment affirmed.