Boyd v. Land.

CASE 59—PETITION ORDINARY—MAY 3.

# Boyd v. Land.

APPEAL FROM HARRISON CIRCUIT COURT.

1. QUALIFICATIONS OF POLICE JUDGES.—The General Assembly having the power under sec. 160 of the constitution to prescribe the qualifications of all officers of towns and cities, and having provided by sec. 3511 Kentucky Statutes that no person shall be eligible to the office of judge of the police court of a city of the fourth class "unless he be at least twenty-four years of age and has resided within the limits of the city at least six months next preceding his election," a person who possesses these qualifications is eligible to the office of police judge in such a city, although he is not a qualified elector in the city.

2. ELECTIONS—QUALIFICATIONS OF ELECTORS—MISTAKE IN STATUTE. —Sec. 3485 Kentucky Statutes, in so far as it provides that the "election" of councilmen and other elective officers of each city of the fourth class shall possess the qualifications of electors prescribed by sec. 145 of the constitution, was not intended to regulate the eligibility of officers, but of electors, it being manifest that the word "election" should be read "electors."

3. TERMS OF POLICE JUDGES.—The provision of sec. 167 of the constitution that the terms of police judges "elected" in November, 1893, shall begin September 1, 1894, and continue until the November election, 1897, applies as well to a police judge appointed by the board of council of a city as to one elected by the qualified voters of the city.

4. SAME.—Where a police judge was appointed by the board of councilmen in April, 1893, and again in November, 1893, his term of office, by virtue of his first appointment, did not expire until August 31, 1894, and his term of office by virtue of his second appointment did not begin until September 1, 1894; and having died August 3, 1894, there were two vacancies to be filled, one for the term expiring August 31, 1894, and the other for the term beginning September 1, 1894, and the board of councilmen, as they have done, had the power to appoint appellant to fill the vacancy for the short term and appellee to fill the vacancy for the long term.

5. SAME.—Notwithstanding a declaration of the board of councilmen in electing appellant that his term would expire at a certain time his term would not then have expired if the constitution had fixed a longer term.

Boyd v. Land.

**J. Q. WARD** FOR APPELLANT.

1. The appellant possessing the qualifications required by sec. 3511 Kentucky Statutes, passed pursuant to sec. 160 of the constitution, that he should be twenty-four years old and have resided in the city limits six months next preceding the election, he was eligible to the office of police judge. The case of Atchison, County Judge v. Lucas, 83 Ky., 451, has no application to this case. (Kentucky Statutes, secs, 3484, 3493, 3509, 3513, 3554.)

2. Sec. 3845 of the Kentucky Statutes was intended to regulate merely the qualifications of electors and not of officers, it being apparent that the word "election" should be read "electors."

3. The term of office which Patterson was elected to in April, 1893, ended with the November election, 1893, and the term to which he was elected or appointed in November, 1893, began at once, to continue until the November election, 1897. The death of Patterson in August, 1894, left, therefore, a vacancy to be filled in the term ending November, 1897, and not in a hold-over term expiring September 1, 1894, as claimed by appellee. (Johnson v. Wilson, 15 Ky. Law Rep., 852; Constitution secs. 160, 167; Kentucky Statutes, sec. 3510.)

4. Sec. 3510 of the Kentucky Statutes, passed pursuant to sec. 160 of the constitution, leaving it in the power of the general council of cities of the fourth class to determine whether the police judge should be appointed or elected, conferred no power to fix the term of office, and an ordinance relative to that subject was valid only so far as it fixed the mode of selecting that officer.

5. The board of council had the right under sec. 3551 of the Kentucky Statutes, to fill the vacancy in the office arising upon the death of Patterson by appointing the appellant.

6. As to the construction of the words of sec. 167 of the constitution which follow the word "provided" see—Debates of the Constitutional Convention, Vol. 4, pp. 5471, 5713, 5714, 5715; Trustees of Owensboro v. Webb, 2 Met., 576; Old Constitution, sec. 4, Art. 4; Charter of City of Paris, Acts 1889-90, Vol. 1, pp. 989, 991.

**WARD & LAFFERTY** FOR APPELLEE.

1. The ordinance regulating the election of the police judge provided that the election "should be made in November, 1893, and the term of office to begin September 1, 1894, and continue until the November election, 1897," which was in exact words of

sec. 167 of the constitution and sec. 3510 of the Kentucky Stat-
utes.

2. Patterson was holding the office from April, 1893, until August
31, 1894, under his election in April, 1893, and upon his death
the appointment of the appellant was only for the unexpired
term ending August 31, 1894.

3. If the contention of the appellant, that upon the election of Pat-
terson in November, 1893, he entered upon a term to continue
until November election, 1897, is true, then he was holding a
term of office not provided for at all by the constitution, stat-
utes or city ordinance.

4. The appellant can not claim more than his certificate of election
entitles him to, and that under which he holds provides that
he "is elected to the office of police judge for the term from
the present time to August 31, 1894," thus limiting his term to
the last named date.

5. A residence of six months in the city is not sufficient to qualify
the appellant to hold the office of police judge without the
other and additional qualification of one year's residence within
the State. (Constitution, sec. 145; Kentucky Statutes, sec. 3485.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant, S. R. Boyd, filed his petition in the Harri-
son Circuit Court claiming he was the police judge of the city
of Cynthiana, and that the appellee, G. M. Land, was wrong-
fully holding the office, and asking to have it so adjudged.

A demurrer was sustained to the petition as amended, and
appellant failing to plead further his petition was dismissed.
The statements of the petition as amended are taken as
true in considering this case. By the terms of an amend-
ment (1888) to the charter of Cynthiana the police judge
was elected annually in April.

On the first Saturday in April, 1893, Samuel F. Patterson
was elected police judge of that city, accepted the office and
entered upon the discharge of the duties thereof. By the
terms of the act of the General Assembly classifying the
towns and cities of the State, Cynthiana is a city of the
fourth class.

By the constitutional power possessed by the General Assembly, as construed in Brown, &c., v. Holland, &c., 97 Ky., 249, which it exercised in enacting sec. 3510, Kentucky Statutes, relating to cities of the fourth class, which provides that the judges of police courts in such cities "shall be elected by the people at the general election in November, or appointed by the board of council, as the board may determine by ordinance, enacted at least sixty days previous to any election in November," the board of council of Cynthiana on the 14th day of August, 1893, passed an ordinance providing that the judge of the police court of the city should be appointed by the board of council on the first Tuesday after the first Monday in November, 1893, and every four years thereafter, whose term of office shall begin September 1, 1894, and continue until the November election in 1897, and every four years thereafter the judge of the police court shall be appointed by the board of council, etc."

In pursuance to this ordinance Samuel F. Patterson heretofore named was, on the 7th of November, 1893, appointed judge of the police court of the city of Cynthiana, whose term of office was to begin September 1, 1894.

On the 3d of August, 1894, Patterson died. On the 17th of August, 1894, the board of council appointed appellant Boyd to fill the vacancy in the office of judge of the police court occasioned by Patterson's death, and in the proceedings of the board of council the appellant was declared elected "for the term from the present time to August 31, 1894."

Boyd accepted the office and entered upon the discharge of the duties of it. On September 11, 1894, the board of council appointed the appellee, M. G. Land, judge of the police court. Boyd, under protest, surrendered the books,

Boyd v. Land.

papers, etc., of the office to Land, and then this action followed.

It is contended by counsel for appellee: (1) That the petition did not state facts which show that appellant was eligible to the office. (2) That he was elected to fill a vacancy which ceased August 31, 1894.

On the part of appellant it is insisted by counsel that he was eligible to the office at the time of his appointment; that the term of office by virtue of Patterson's election in April, 1893, ceased upon his appointment in November, 1893, and then his term resulting from that appointment immediately began. This is substantially a correct statement of the issues formed by the contention of counsel.

Sec. 160 of constitution reads as follows: . . . . . . "The General Assembly shall prescribe the qualifications of all officers of towns and cities, the manner in and causes for which they may be removed from office, and how vacancies in such offices may be filled."

Under the power granted by the constitutional provision just quoted, the General Assembly enacted sec. 3511, Kentucky statutes, which reads as follows:

"No person shall be eligible to the office of judge of the police court unless he be at least twenty-four years of age, and who has resided within the limits of the city at least six months next preceding his election."

It is alleged that Boyd was twenty-four years of age, and had resided within the limits of the city six months next preceding this appointment.

It is argued that the General Assembly could not have intended to declare one eligible to an office in a city in which he is not a qualified elector. The constitution has vested the General Assembly with the authority to say who shall be eligible to hold city offices, and having declared that one

who is twenty-four years of age and who has lived within the limits of the city six months next preceding his election is eligible to the office of judge of the police court, we can not question the wisdom or policy of the General Assembly. We must follow the plain provisions of its enactment and hold from the allegations of the petition, which we take as true, that Boyd was eligible when he was appointed by the board of council.

However, it is contended by counsel for appellee that the amended act of March 24, 1894, which is sec. 3485, Kentucky statutes, prescribes a different qualification for city officers.

The section reads as follows: . . . . . . . . "The *election* of councilmen and of other elective officers of each city of this class *shall possess the qualifications of electors* prescribed by sec. 145 of the constitution . . . ."

As quoted the language is absolutely senseless and without meaning. We have the word *election* possessing the *"qualifications of electors."*

If it is read as intended, *electors*, then it makes the paragraph complete and full of meaning. Then the paragraph would read: "The *electors* of councilmen and other elective officers of each city of this class *shall possess the qualifications of electors* prescribed by sec. 145 of the constitution."

The evident meaning of the section is to require the electors who vote for councilmen and other elective officers to have the same qualifications possessed by electors as prescribed by sec. 145 of the constitution, which requires the elector before being entitled to vote to be a male citizen of the United States, twenty-one years of age, to have resided in the State one year and in the county six months, etc.

We do not think that sec. 3485, *supra*, makes any attempt

to regulate the question of eligibility of persons to the office of judge of police court.

Sec. 167 of the constitution reads as follows: "All city and town officers in the State shall be elected or appointed as provided in the charter of each respective town and city, until the general election in November, 1893, and until their successors shall be elected and qualified, at which time the terms of all such officers shall expire." . . . . . . .

"*Provided*, That the terms of office of police judges, who were elected for four years at the August election, 1890, shall expire August 31, 1894, and the terms of police judges elected in November, 1893, shall begin September 1, 1894, and continue until the November election 1897, and until their successors are elected and qualified."

Sec. 3510, Kentucky statutes, relates to the office of judges of police courts, and the proviso relating to the terms of such officers is in the exact language of the proviso of sec. 167 of the constitution just quoted.

Part of sec. 167 of the constitution is as follows: "*And the terms of police judges elected in November, 1893, shall begin September 1, 1894, and continue until the November election, 1897.*"

Counsel have not even suggested that the board of council had not the authority to appoint Samuel T. Patterson police judge, on November, 1893. Their authority to do so is conceded by both parties.

Wherein sec. 167 of the constitution refers to the election of police judges in November, 1893, it has reference to those appointed by the board of council of a city as well as those elected by the qualified electors thereof. If we did not so hold then there is no constitutional provision fixing the terms of judges of police courts. Neither the constitutional convention nor the General Assembly intended that there

should be any difference in the length of the terms of judges of police courts on account of one being elected by the people and the other by a board of council.

If this conclusion be correct then it must be admitted that by the express terms of the constitution the terms of office to which police judges are elected by the electors, or appointed by the board of council in 1893, did not begin until September 1, 1894.

The effect of the provision was to continue Patterson in the office of police judge under his election in April, 1893, until September 1, 1894. He having died on the 3d day of August, 1894, there were two vacancies to be filled—one was the balance of the term, which ended August 31, 1894, and the vacancy for the full term, beginning September 1, 1894, and ending with the November election in 1897.

The fact that Patterson was to succeed himself in the office of judge of the police court made but one vacancy. The two vacancies existed as distinctly as they would have done had A been elected in April, 1893, and B in November, 1893, and both had died on August 3, 1894.

It follows that the board of council had the right to appoint Boyd to fill the vacancy in the term expiring August 31, 1894, which it did do. It likewise had the right to elect Land to fill the vacancy for the entire term to which Patterson had been appointed, beginning September 1, 1894, and ending at the November election, 1897.

We agree with counsel for appellee that if Patterson's term began after his appointment in November, 1893, the board of council electing Boyd to fill the vacancy occasioned by his death had no power to shorten his term of office by declaring that he was elected to hold only until a given time—a term shorter than fixed by the constitution. Holding as we do that the term to which he was appointed in No-

Boyd v. Land.

vember, 1893, did not begin until September 1, 1894, the proceedings of the council were valid in declaring that Boyd was elected to hold the office until August 31, 1894.

It is insisted by counsel for appellant that the case of Johnson v. Wilson, 95 Ky., 415, sustains his contention that Patterson's term for which he was elected in April, 1893, expired in November, 1893, by virtue of the general provisions of sec. 167 of the constitution.

This would be true as to any city or town office, except that of judge of the police court, as the provision of that section, as heretofore stated, makes an exception as to that office.

In Johnson v. Wilson, *supra*, the controversy was as to the office of treasurer of the city of Lexington, and the court holding that the term of the treasurer, who was elected under the city's old charter on the first Saturday in March, 1892, and duly qualified as such April 14, 1892, for a term of two years, expired in November, 1893.

Had there been a proviso in sec. 167 of the constitution saying that the term of a city treasurer, who was elected in November, 1893, should not begin until September 1, 1894, as it has done as to the terms of judges of the police courts, certainly the court would not have held that the term of the old treasurer expired in November, 1893, and that of the treasurer elected at the November election, 1893, then began.

It seems to us that a mere statement of the facts and the constitutional provision in question demonstrate with certainty that the case of Johnson v. Wilson does not sustain counsel's contention.

Judgment affirmed.