CASE 79—PETITION ORDINARY—MAY 17.

# Tevis v. Rice.

### APPEAL FROM MADISON CIRCUIT COURT.

TERMS OF POLICE JUDGES.—Under sec.167 of the new Constitution the terms of police judges elected in November,· 1893, did not begin until September 1, 1894, and the General Assembly had no power to provide otherwise as .to police judges of cities of the fourth class.

J. A. SULLIVAN FOR APPELLANT.

1. Under sec. 167 of the Constitution, which provides for the election of all city and town officers, and which contains the proviso "that the terms of office of police judges who were elected for four years at the August election, 1890, shall expire August 31, 1894, and the terms of police judges elected in November, 1893, shall begin September 1, 1894, and continue until the November election, 1897, and until their successors are elected and qualified," the term of office of the appellee who was elected police judge of a city of the fourth class at the November election, 1893, did not begin until September, 1, 1894, and appellant who had been elected in 1892 to hold the office of police judge of that city for two years from June, 1892, was entitled to hold office until September 1, 1894. (Boyd v. Land, 17 Ky. Law Reporter, 273.)

2. This construction should be· given because no other construction would comply with the well-settled rule that all parts of a statute should be construed together and effect given to the whole, if possible. (Sneed, 258; 1 Duvall, 407; 23 Amer & Eng. Enc. of Law, 309, 439, 443 and cases cited; Kentucky Statutes, 460.)

3. The appellant having been elected police judge for the term of two years from June, 1892, the construction of the court that he should vacate the office for appellee before the expiration of that term is retrospective and in violation of the fundamental principle that statutes are to be given a prospective operation only, unless a legislative intent to the contrary is clearly expressed or necessarily implied. (6 Page, N. Y., 623; 50 Mo., 525; O'Donahue v. Akin, 2 Duvall, 480; Cumberland &c. R. Co. v. Washington County Court, 10 Bush, 564.)

4. The election of appellee in November, 1893, being under the ordinances of the city passed pursuant to sec. 167 of the Constitution,

Tevis v. Rice.

and providing that his term of office should begin September 1, .1894, the appellant is entitled to hold until that time.

A. R. BURNAM FOR APPELLEE.

Brief not in record.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The question involved in this case is as to whether Tevis or Rice is entitled to hold the office of judge of the police court of Richmond, Ky.

By the charter of Richmond it was provided that a police judge should be elected on the first Saturday in June, 1884, and every two years thereafter, and continue in office until his successor should be elected and qualified. At the June election in 1892, James Tevis was elected police judge. At the November election, 1893, H. G. Rice was elected judge of the police court. Richmond is a city of the fourth class, under the classification made by the General Assembly, pursuant to the provisions of the constitution.

It is contended by counsel for appellant, Tevis, that the term of office to which appellee, Rice, was elected did not begin until September 1, 1894, and that of Tevis did not expire until that time. Counsel for appellee insists that Rice's term began January 1, 1894.

Sec. 167 of the constitution reads as follows: "All city and town officers in this State shall be elected or appointed as provided in the charter of each respective town or city, until the general election in November, 1893, and until their successors shall be elected and qualified, at which time the terms of all such officers shall expire. . . . *Provided*, That the terms of office of police judges who were elected for four years at the August election, 1890, shall expire August 31, 1894, *and the terms of police judges, elected in November, 1893, shall begin September 1, 1894, and continue until the*

*November election, 1897, and until their successors are elected and qualified."*

By sec. 166 of the constitution it was made the duty of the General Assembly to "provide by general laws for the government of towns and cities, and the officers and courts thereof, as provided by this constitution."

Sec. 3510, Kentucky Statutes, is part of the act passed by the General Assembly and which became a law June 28, 1893, for the government of cities of the fourth class. This section relates to the police courts of the cities of the fourth class, the judges thereof, and provides for their election (or appointment as the board of council may determine) at the general election in November, 1893.

The proviso of sec. 3510, Kentucky Statutes, is in the exact language of the proviso in sec. 167 of the constitution.

In pursuance of the foregoing provision of the constitution and laws the appellee, Rice, was elected judge of the police court. By the express terms of the constitution and the act of the General Assembly relating thereto, the slightest doubt should not be entertained that the term of office to which Rice was elected in November, 1893, did not begin until September 1, 1894.

It seems to us that there could be no words employed which would more clearly and fully express a purpose that the terms of police judges, elected in November, 1893, should not begin until September 1, 1894. It seems to us there can be no doubt as to the meaning of any word or phrase as used in the proviso, nor, taken as a whole, does it suggest any doubt as to its meaning.

Being so free from doubt as to its meaning it is unnecessary to invoke the aid of any rules for the interpretation of constitutional provisions and statutes.

There are two classes of police judges to which the pro-

viso relates: One is the judges who were elected for four years, at the August election, 1890, and the other is the police judges elected at the November election, 1893. To hold both clauses relate to the same class, to-wit: those elected for four years at the August election, 1890, would be to hold that last clause of the proviso is surplusage and entirely without meaning. This would be doing violence to a plain provision of the constitution. The terms of police judges who were elected for four years in August, 1890, began upon their qualification, and their terms would not have expired until August, 1894, and these various dates being fixed by the charters of the several cities in which the judges were elected at the August election, 1890, it was intended by the constitutional proviso to give all such judges the full terms to which they had been elected, and declare that all their terms should expire on the same day, hence August 31st was fixed as the proper time.

The August election was abolished and provision was made for a November election, at which city officers should be elected. The purpose of the proviso was to make the terms of police judges uniform and to begin at the same time.

It was therefore provided that the terms of police judges elected at the November election, 1893, should begin September 1, 1894, and continue until the November election, 1897, and until their successors were elected and qualified.

The General Assembly provided for an election of police judges at the November election, 1893, in cities of the fourth class.

Sec. 3550, Kentucky Statutes, reads as follows: "The terms of office of members of the board of common council shall begin on the first Monday in December after their election. All other officers, whether elected or appointed, shall

begin their respective terms on the first Monday in January following. . . ."

The General Assembly had the constitutional power to enact the foregoing section in so far as it related to the time when the terms of councilmen and other officers should begin, but it can not be held that it had the power to fix the time when the terms of police judges elected at the November election, 1893, should begin, because the organic law had declared when the terms should begin, and the General Assembly was without authority to provide otherwise.

In the case of Boyd v. Land, 97 Ky., 379, this court held that the term of a police judge, elected at the November election, 1893, did not begin until September 1, 1894. In that case the court reviewed the case of Johnson v. Wilson, 95 Ky., 415, and held that the principle therein determined had no application to the question involved in Boyd v. Land, nor does it have to the question in this case.

We conclude that Tevis' term as police judge continued until September 1, 1894, and that Rice's did not begin until that date.

Judgment reversed, with direction that appellee Rice's petition be dismissed.