CASE 64—PETITION FOR MANDAMUS—DECEMBER 12.

## Jones, County Clerk, v. Wilshire.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

1. THE TERM OF THE MAYOR OF THE CITY OF NEWPORT, elected in October, 1892, terminated at the general election in November, 1893, by express provision of section 167 of the constitution although the charter of the city fixed the term at two years. And that was the time fixed for the election of his successor.

2. RIGHT OF CANDIDATE TO HAVE NAME PLACED ON BALLOT.—A petition asking that the name of a certain person be placed upon the official ballot as a candidate need not be signed by more than twenty persons where the election is for a city office, a city being a "division less than a county," within the meaning of section 1453, Kentucky Statutes.

3. SAME.—The county clerk was properly compelled by the judgment appealed from to place upon the official ballot the name of appellee as a candidate for mayor, as the petition asking that this be done conformed in all respects to the law.

JNO. P. NEWMAN AND C. L. RAISON, JR., FOR APPELLANT.

1. The clerk properly refused to put the name of appellee on the bal-

lot as a candidate for mayor of the city of Newport at the Novem-
ber election, 1893, as no election for that office could be legally
held at that time. (Constitution of Ky., secs. 160, 166, 167, 236;
*Idem.*, Schedule, sec. 5.)

2. Under the general election law as it existed in November, 1893, a
man could not be nominated for mayor by petition, as a city is
not a division less than a county within the meaning of the elec-
tion law.

E. P. SIMMONS FOR APPELLEE.

The question involved was fully disposed of in the case of Johnson v.
Wilson, 15 Ky. L. R., 852; s. c. 95 Ky., 415.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

At the general election in November, 1893, the clerk of the
Campbell County Court refused to place the name of the ap-
pellee, who was a candidate for the office of mayor of the
city of Newport, on the official ballot. This suit was, there-
fore, brought to compel him to do so, and resulted in a judg-
ment to that effect. From this judgment the clerk appeals.

The ground of refusal was that under the old charter of
the city a mayor had been elected in October, 1892, for the
term of two years, and, therefore, no election to fill that
office could be held in November, 1893.

A complete answer to this contention is found in section
167 of the constitution. It is there provided that "all city
and town officers in this State shall be elected or appointed
as provided in the charter of each respective town and city
until the general election in November, 1893, and until their
successors shall be elected and qualified, at which time the
terms of all such officers shall expire; and at that election,
and thereafter as their terms of office expire, all officers re-
quired to be elected in cities and towns by this constitution,
or by general laws enacted in conformity to its provisions,
shall be elected at the general elections in November," etc.

The term, therefore, of the mayor elected in October, 1892, was terminated at the general election in November, 1893, by the express and unambiguous language of the constitution, and the election of his successor also expressly provided for in language equally explicit.　To this effect was the decision of this court in Johnson v. Wilson, 95 Ky., 415.

It is also suggested that the name of the appellee ought not to have been placed on the ballot because he was not nominated by a convention or primary election of a party that had cast two per cent. of the total vote of the State at the last preceding general election, as provided by section 1453, Kentucky Statutes; but a petition asking the clerk to place the appellee's name on the ballot was filed, as provided by this section, and appears, in all respects, to have conformed to the law.　The number of petitioners required for a city under the section referred to is twenty, and this number was subscribed to the petition on this occasion.

A city is a "division less than a county," in the meaning of the section, and only twenty names are required.

Judgment affirmed.