CASE 27—ACTION TO TEST RIGHT TO OFFICE—OCT. 24.

# Neeley v. McCollum, Etc.

APPEAL FROM OWSLEY CIRCUIT COURT.

1. VACANCY IN OFFICE—SHERIFF.—A vacancy in the office of sheriff can not be filled at an election when the only officers to be voted for in the county are members of Congress.
2. SAME.—An attempt to limit the appointment of a sheriff to the next succeeding election is futile unless the vacancy can be legally filled at such election; and the appointee is entitled to hold over until his successor is elected.

E. E. HOGG AND J. K. ROBERTS FOR APPELLANT.

1. By the terms of section 148 of the constitution, no officer of any city, town, or county or any subdivision thereof except members of municipal boards shall be elected in the same year in which members of the House of Representatives of the United States are elected.
2. Under section 152 of the constitution, which, by a construction put upon it by this court in the Shelley-McCullough case, controls all elections to fill vacancies in office, no election can be held to fill a vacancy except at an election at which either city, town, district or county or State officers are to be elected. The election of 1898 did not fall within any of these provisions.
   Citations: Berry v. McCullough, 94 Ky., 250; Shelley v. McCullough, 97 Ky., 164; Todd v. Johnson, 99 Ky., 548; Ky. Con. secs. 97, 99, 148, 152.

C. P. CHENAULT ON THE SAME SIDE.

The appointment of appellant was to fill the vacancy and his appointment necessarily held until the vacancy could be legally filled. Under sec. 152 of the constitution, this vacancy could not be filled at an election held in November, 1898, because at that election only members of Congress were elected. Shelley v. Mc-Cullough, 97 Ky., 179; Constitution, secs. 152, 148; Debates of the Constitutional Convention, vol. 2, pages 2079, 2081.

CHARLES W. HOGG AND G. W. GOURLEY FOR APPELLEE.

1. The appointment of Neeley was limited by its terms to the first of January, 1899, and he accepted the appointment for that time.
2. The vacancy could be filled at the November election, 1898, be-

cause this court knows judicially that Judge Hobson, a member of this court was elected judge from the third appellate district at that election.

Citations: Berry v. McCullough, 15 Ky. Law Rep., 117; Shelley v. McCullough, 17 Ky. Law Rep., 53; Todd v. Johnson, 18 Ky. Law Rep., 354; Constitution secs. 115, 116; Ky. Stats., sec. 947.

Same counsel for appellee filed a petition for a rehearing, to which C. P. CHENAULT responded.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

At the regular election in November, 1897, Daniel McCollum was elected sheriff of Owsley county. He entered upon the discharge of his duties, and died on April 20, 1898. On May 2d following, the Owsley county court appointed appellant, A. M. Neely, sheriff of the county, to fill out the unexpired term for the year 1898, and subsequently ordered a special election at the regular annual election in November, 1898, to fill the vacancy, reciting in this order that appellant was appointed to fill the vacancy until the first Monday in January, 1899. The election was duly held in November, 1898, and appellee, Frank F. McCollum was elected. On January 3, 1899, appellant, Neely filed this action against the county judge and Frank McCollum, alleging that on the 5th of December, the county judge refused to qualify him as sheriff, and unlawfully permitted McCollum to execute bond and qualify. He alleged that no city, town, county, district or State officers were elected at the November election, 1898, but only members of the house of representatives of the United States. He prayed a mandatory injunction commanding the county judge to qualify him as sheriff of Owsley county and accept a bond from him, and that McCollum be enjoined from exercising the office of sheriff. To this petition the defendants filed a general demurrer,

Neeley v. McCollum, &c.

which was sustained, and, the plaintiff failing to plead further, his petition was dismissed.

It is insisted for the appellees that appellant has no cause of action, for the reason that he was only appointed for the year 1898, or until the first Monday in January, 1899, and that, having served for the time for which he was appointed, he can not complain that he was not permitted to qualify and serve as sheriff another year, for which he had not been appointed.

Section 1526 of the Kentucky Statutes provides:

"A vacancy in the office of sheriff . . .      shall be temporarily filled by the county court until the successor shall have been elected as provided in section 1522 of this article and shall have qualified."

Under this provision the office is filled temporarily by the county court until the election of the successor and his qualification. The appointee holds for the period fixed in the statute, without regard to the time that the county court may fix for his tenure of office. This was held by this court in Boyd v. Land, 97 Ky., 379, [30 S. W., 1019], which was subsequently approved in Tevis v. Rice, 97 Ky., 528, [30 S. W., 1021.] Section 1522, referred to in the quotation made above, so far as it is material, is the same as section 152 of the Constitution, which reads as follows:

"Except as otherwise provided in this Constitution, vacancies in all elective offices shall be filled by election or appointment, as follows: If the unexpired term will end at the next succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment for the remainder of the term. If the unexpired term will not end at the next succeeding annual

[10]

election at which either city, town, county, district or State officers are to be elected, and if three months intervene before said succeeding annual election at which city, town, county, district or State officers are to be elected, the office shall be filled by appointment until said election, and then said vacancy shall be filled by election for the remainder of the term. If three months do not intervene between the happening of said vacancy and the next succeeding election at which city, town, county, district or State officers are to be elected, the office shall be filled by appointment until the second succeeding annual election at which city, town, county, district or State officers are to be elected; and then if any part of the term remains unexpired the office shall be filled by election until the regular time for the election of officers to fill said offices."

It appears from the debates of the constitutional convention that, when reported from the committee, this section reads as follows:

"Except as otherwise provided in this Constitution, vacancies in all offices shall be filled by election or appointment. If the unexpired term shall be less than one year the office shall be filled by appointment; but if the unexpired term is longer than one year the office shall be filled by appointment until the next election, when such office shall be filled by election for the unexpired term."

It also appears that the committee substituted the present reading for that originally reported, to provide for a vacancy that might occur just before a general election, to avoid the cost of special elections, and to satisfy those who were strongly against having any State or county elections at the same time as Congressional elections. (See debates of the Constitutional Convention, vol. 2, pp. 2078-2080.)

There was no election in Owsley county in November, 1898, except for representative in Congress. There was at that time an election for judge of this court in the Third district, but that did not embrace the county of Owsley. If the framers of the Constitution had intended the vacancy to be filled in all cases at the next regular November election occurring after three months, we see no reason for dropping the words "next election" in the section as originally reported, and inserting five times the cumbrous phrase, "the next succeeding annual election at which either city, town, county, district or State officers are to be elected." The change can only mean that a vacancy is not to be filled at a November election, unless it is one at which either city, town, county, district or State officers are to be elected. This view of the section has been uniformly taken by this court. In Shelley v. McCullough, 97 Ky., 178, [30 S. W., 196], after showing that a vacancy in a State office might be filled at an election held throughout the State, this court said:

"Unless the territorial limits of the particular office to be filled were embraced by that of the nearest succeeding election, the rule might be different. For example, a vacancy in a State office would not be filled at a succeeding election in which only city officers were to be elected."

In Todd v. Johnson, 99 Ky., 548, [36 S. W., 987], the right to fill the vacancy at the November election, 1896, is expressly made to depend on the conclusion that presidential electors are State officers. In that opinion it is further stated that one of the judges held the view that a vacancy in an elective office may be filled at any November election, but after referring to this view the opinion goes on to state that the words used in the section "would

seem to indicate that it was not at every succeeding No-
vember election that vacancies might be filled, but only
when those were to be elected of the class named, and
hence, unless, an officer of that class is to be elected, the
vacancy can not be filled, even if there be an election for
members of the lower house of Congress."

It follows that no election could be legally held in
Owsley county in November, 1898, to fill the vacancy of
the office of sheriff, and that appellant was entitled to the
relief sought in his petition, on the state of facts there al-
leged.

The judgment of the lower court is therefore reversed,
and cause remanded, with directions to overrule the
demurrer to the petition, and for further proceedings not
inconsistent with this opinion.

JUDGE BURNAM DISSENTS FROM THIS OPINION.