Case 81.—ACTION FOR MANDAMUS BY D. A. McCANDLESS TO COMPEL W. A. ROBINSON AS COUNTY CLERK TO PLACE HIS NAME ON THE OFFICIAL BALLOT AS CANDIDATE FOR COMMONWEALTH'S ATTORNEY TO FILL A VACANCY IN THE 10th JUDICIAL DISTRICT.—Oct. 23.

## Robinson, County Clerk v. McCandless.

Appeal from Larue Circuit Court.

SAMUEL E. JONES, Circuit Judge.

From the judgment awarding the writ, the Defendant appeals. Affirmed.

1. Vacancy in District Office—How Filled—Sec. 152 of the Constitution provides for filling all vacancies in elective offices. If a vacancy occur in a district office more than three months before a regular election in the district in which the vacancy exists, at which State or district officers are to be elected,

such vacancy must be filled at the next regular election thereafter for a state or district office to be filled under the state government in that district.

2. Commonwealth's Attorney—Vacancy—Where a vacancy in the office of Commonwealth's attorney occurred on June 11, 1906, in the tenth judicial district, the election to fill the vacancy should be held at the November election, 1906, that being the regular election for a judge of the Court of Appeals in the third appellate district, which includes all the counties in the tenth circuit judicial district.

O'MEARA & JAMES for appellee.

Under Ky. Constitution, sec. 152, and Ky. Statutes, Sec. 1522, where a vacancy in the office of Commonwealth's attorney, occurred more than three months before the election in a district in which there is to be a regular election for a judge of the court of appeals, the vacancy should be filled at such election. although all the appellate court districts, in the State, are not elected at that election. (Neeley v. McCullem, 21 Ky. Law Rep., 823; Eversole v. Brown, 21 Ky. Law Rep., 925; Shelby v. McCullock, 17 Ky. L. R., 58; Smith v. Doyle, 74 S. W., 1084.)

OPINION BY JUDGE O'REAR—Affirming.

By section 97 of the Constitution the office of commonwealth's atorney is created. It is a district office, coextensive with the circuit judicial district. It is an elective office. The term is six years. Begining with the year 1897 an election to fill that office is required to be held every six years. Hence the last general election for that office was held November, 1903, for the term ending in January, 1910. At the election held in the Tenth judicial district, November, 1903, D. J. Wood was elected commonwealth's attorney for the ensuing term. He died June 11, 1906. The Governor appointed appellee to the vacancy till an election therefor. Appellee has been regularly and duly nominated for election to fill the vacancy. The question for decision on this appeal is, when is that election required to be held?

Section 152 of the Constitution provides for filling all vacancies in elective offices. If the vacancy occur in a district office more than three months before

a regular election in the district in which the vacancy exists at which state or district officers are to be elected, or if the term does not expire at such election, then the vacancy is filled by appointment till such election, and thereafter by election by the voters of the district. A regular election is to be held in this State November 1906, for representatives in Congress. But that is not a district office within the meaning of the section. Elections to fill vacancies in state, county, and district offices have reference to such offices as are filled under the state government. But there is also an election to be held November, 1906, for the office of judge of the Court of Appeals in the third appellate district. That is a state office elected by a district, and is one of the offices to be filled by regular election contemplated by section 152 providing at what elections vacancies in district and other offices may also be filled by election. The third appellate district includes all the counties including the tenth circuit judicial district. Therefore there is to be a regular election in November, 1906, to elect a state or district officer within the same territory in which there is a vacancy in the office of commonwealth's attorney, and as that vacancy occured more than three months before November, 1906, and the term of the office will not expire with that election, the vacancy must be filled after that date by the person elected to fill it at that election. Eversole v. Brown, 53 S. W. 527, 21 Ky. Law Rep. 925; Donelan v. Bird, 118 Ky. 178, 80 S. W. 796, 26 Ky. Law Rep. 55. As the vacancy must be filled at the election in November, 1906, and as appellee was entitled by virtue of his nomination to have his name printed on the official ballot as a candidate at that election, the writ of mandamus agaist a county court clerk of one of the counties of the district who refused to so print his name on the ballot was proper.

Judgment affirmed.