## Ward v. Siler.

(Decided March 4, 1938.)

R. LEE BROWN for appellant.
EUGENE E. SILER for appellee

OPINION OF THE COURT BY CHIEF JUSTICE STITES—
Affirming.

This case is before us on appeal from a judgment of the Whitley circuit court in a proceeding under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a-1 et seq., upon an agreed statement of facts. Hon. P. L. Senters was elected judge of the Thirty-Fourth judicial district at the November election in 1933 for a term of six years. He assumed office in January, 1934, and continued therein until his death on December 28, 1937. In January, 1938, the Governor appointed Judge J. J. Tye to fill the vacancy occurring on the death of Judge Senters. Appellee, Eugene E. Siler, is a prospective candidate for election to the unexpired term of Judge Senters, and this proceeding was instituted for the purpose of ascertaining whether or not, under sections 148 and 152 of the State Constitution, there might be a valid election to fill the office of circuit judge for the remainder of Judge Senters' term.

So far as pertinent to this controversy, section 152 of the Constitution provides:

"Except as otherwise provided in this Constitution, vacancies in all elective offices shall be filled by election or appointment, as follows: * * * If the unexpired term will not end at the next succeeding annual election at which either city, town, county, district or state officers are to be elected, and if three months intervene before said succeeding annual election at which either city, town, county, district, or state officers are to be elected, the office shall be filled by appointment until said election, and then said vacancy shall be filled by election for the remainder of the term."

It is agreed that at the approaching November, 1938, election the voters will be called upon to elect a United States Senator, members of the Lower House of Congress, and members of the County Board of Educa-

tion. Manifestly, if a United States Senator or Representative, or a member of the County Board of Education, is either a "city, town, county, district or state" officer, then, under the provisions of section 152, there can be and must be an election to fill the unexpired term of circuit judge unless prohibited by the provisions of section 148 of the Constitution providing, so far as pertinent,

> "No officer of any city, town, or county, or of any subdivision thereof, except members of municipal legislative boards, shall be elected in the same year in which members of the house of representatives of the United States are elected. District or state officers, including members of the general assembly, may be elected in the same year in which members of the house of representatives of the United States are elected."

In the view which we have taken of the case, it is unnecessary now to consider whether or not a United States Senator or Representative is a state officer or a federal officer. Compare Neeley v. McCollum, 107 Ky. 143, 53 S. W. 37, 21 Ky. Law Rep. 823.

If the office of member of the County Board of Education is a city, town, or county office, it is plain that, under the provisions of section 148, there could be no election to this position in the coming November election, even though these offices are to be filled in every county of the state. Kentucky Statutes, sec. 4399-27. On the other hand, if the office of member of the County Board of Education is a state office, not only may such officers be elected at the coming election, under the express provisions of section 148 of the Constitution, but also there must then be an election to fill the unexpired term of circuit judge in the Thirty-Fourth judicial district.

This court has so often determined that a member of the County Board of Education is a state officer that we will not prolong this opinion with a reconsideration of the reasons which have led us to this view. A few of the many decisions recognizing this conclusion are: Middleton v. Middleton, 239 Ky. 759, 40 S. W. (2d) 311; Norton v. Letton, 271 Ky. 353, 357, 111 S. W. (2d) 1053; Polley v. Fortenberry, 268 Ky. 369, 105 S. W. (2d) 143; Board of Trustees of Fairview Graded Common School

Dist. v. Renfroe, 259 Ky. 644, 83 S. W. (2d) 27; Commonwealth ex rel. v. Burnett, 237 Ky. 473, 35 S. W. (2d) 857. Even though we should feel some hesitancy in concluding that the members of a County Board of Education were state, and not local, officers, as an original proposition, the question has been too often and too thoroughly settled by decisions of this court to authorize a re-examination of the question at this time.

We conclude, therefore, that the decision of the trial court is correct, and that an election to fill the unexpired term of the judge of the Thirty-Fourth judicial district must be held in November, 1938.

Judgment affirmed.

Whole court sitting.