## Brumleve v. Ruth.
## Ruth v. Hamilton et al.

July 15, 1946.

Samuel Steinfeld and Woodward, Dawson, Hobson & Fulton for Ruth.

Wilbur Fields for Hamilton and Brumleve.

Eli H. Brown, Jr., Jas. W. Stites, and Norris McPherson amici curiae.

814

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming in first case, reversing in second case.

These cases were submitted and decided at a special term of court held on July 15, 1946, and orders affirming and reversing the judgments, respectively, were entered on that day because of the necessity for an immediate disposition. Time was reserved for the preparation and filing of this opinion.

The ultimate question is whether or not there shall be an election in November, 1946, of a judge of the Court of Appeals from the Fourth District, which embraces only the county of Jefferson (KRS 21.020) for an unexpired term ending on the first Monday in January, 1951. Constitution, sec. 112; KRS 21.040. The particular question is whether or not nominations shall be made at the ensuing August primary election.

The Governor appointed Hon. Thos. S. Dawson to the office on September 27, 1945 to fill the vacancy created by the resignation of Judge Henry J. Tilford. Since the vacancy occurred within three months of the regular November 1945 election, the appointment was "until the second succeeding annual election at which city, town, county, district or State officers are to be elected." Const. Sec. 152. Thus the specific question is whether the November, 1946, election in Jefferson County, which, as stated, is conterminous with the Fourth Appellate District, is such an election. By virtue of the statute, KRS 119.030, nominations must be made at a primary election. Of necessity, therefore, the provisions of Sec. 152 of the Constitution are to be read in connection with the statutes covering primary elections.

In November, 1946, there will be an election held for a Representative in Congress from the Third Congressional District, which is also coextensive with the county of Jefferson, and, of course, with the Fourth Appellate District. KRS 120.050, 120.060. There will also be an election throughout the state of a United States Senator for an unexpired term. And at that time members of the boards of education of three independent school districts within the county are to be elected, namely, the Louisville, Hikes and Anchorage districts. KRS 160.020, 160.210. The rest of the county as a unit is an educational district (KRS 160.010), but it consists of

five divisions, from each of which a member is chosen by the electorate of the Division. The terms of the members of the County Board are staggered so that all of them are not elected in the same year. KRS 160.200. At the next November election, members will be elected in the Second and Fifth Divisions, but none in the other three.

Upon the conception that the unexpired term of judge of the Fourth Appellate District should be filled by an election in November, 1946, Thomas S. Dawson was proposed for the Republican nomination by the application or petition of Ben J. Brumleve and Jouett R. Todd, and for the Democratic nomination by A. Scott Hamilton and Wm. C. Edrington. KRS 119.070. It appears that Hal O. Williams and Norris McPherson were also duly proposed as nominees of the Democratic Party. Upon an opinion of the Attorney General that no election could be held at this time for the unexpired term, the County Court Clerk declined to place the names of the proposed candidates in the voting machines and on the absentee-voters' ballots.

The first-styled case is a suit in equity filed by the sponsors of Judge Dawson's nomination as a candidate of the Republican Party against the County Clerk, seeking a declaration of rights to the effect that an election should be held this year and that they are entitled to have Judge Dawson's name placed in the official machines and on the ballots at the primary election. They also prayed that the Clerk be mandatorily enjoined in accordance with such declaration. The second-styled case is a common-law action filed by the sponsors of Judge Dawson for the Democratic nomination, in which a mandamus is asked against the Clerk to accomplish the same end. The Brumleve case was tried by Judge Speckman, and he adjudged that there could not be an election at this time, hence denied the injunction. The Hamilton case was tried by Judge Hubbard, one of the common-law judges, and he reached the opposite conclusion and granted the prayer of the petition. Appeals prosecuted from the respective judgments have been consolidated and heard together in this court.

It appears that suits seeking the same end were

filed by Judge Dawson and Mr. Williams, but the judgments entered thereon have not been appealed.

In the briefs amicorum curiae, who are interested specially in behalf of Mr. Williams and Mr. McPherson, it is maintained (1) that a member of Congress is a district or state officer within the contemplation of Section 152 of the Constitution, and this Court has been in error in regarding one as a Federal officer; and (2) that under a proper construction of that section there will be an election of state officers for full terms. Counsel for the parties appellant and appellee argue to the contrary.

The broad predicate is laid that it was the intent of the framers of the Constitution that all constitutional offices shall be filled by election by the people, and where a vacancy occurs it shall be held as soon as it is practicable; that one year and three months is the maximum time in which one appointed may serve, since Section 152 provides that if the vacancy occur within three months of a regular election it shall be at the "second succeeding annual election." We may accept the general proposition with respect to the selection of public officers by the people as being sustained by the related sections of the Constitution, the Debates of the Convention and the decisions of this Court. See Yates v. McDonald, 123 Ky. 596, 96 S. W. 865; McCreary, Governor, v. Williams, 153 Ky. 49, 154 S. W. 417. But the fact remains that section 148 of the Constitution limits or restricts that right of choice by the people until there shall be a regular election "in this State or in any city, town, district, or county thereof" on the first Tuesday after the first Monday in November, and further adds an exception of officers of a county or any subdivision thereof (other than "municipal legislative boards"), who shall not be chosen in the same year that Members of the House of Representatives of the United States are elected. However, that section does further provide that an election of district or state officers may be in the same year. This section deals with elections for full terms. Shelley v. McCullough, 97 Ky. 164, 30 S. W. 193. Then Section 152 deals with filling vacancies or unexpired terms. It makes no difference in the time for an election for that purpose as between state, district, county, city or town officers, since it provides that the election for an unexpired term of any such office shall be "until the reg-

ular time for the election of officers to fill said offices." It excepts the office of member of the General Assembly, which is put in a different class, and a special election to fill any vacancy is required.

. Mr. Brown, as amicus curiae, urges that we reconsider the conclusion that Members of Congress are federal and not state officers, and points out that such conclusion had its start with a mere concession of counsel in Eversole v. Brown, 53 S. W. 527, 21 Ky. Law Rep. 925. He also directs attention to our several cases holding that presidential electors are state and not federal officers, and that an election to fill a vacancy in an office of a district or lesser unit of state government may be held at an election where presidential electors are chosen. See Eagle v. Cox, 268 Ky. 58, 103 S. W. 2d 682. Also, that the creation or modification of congressional districts are matters within the power of the legislature of Kentucky. Therefore, it is argued there is no reason for classifying Members of Congress as federal officers.

Our decisions have been rested upon the specific constitutional provisions. It is particularly so in respect of holding elections in Kentucky for unexpired terms of office. The first case deciding that an election of a Member of Congress is not such as is contemplated by Section 152 was in 1899, Neeley v. McCollum, 107 Ky. 143, 53 S. W. 37. This was followed in Eversole v. Brown, supra; Ferguson v. Hackett, 74 S. W. 708, 25 Ky. Law Rep. 170; Yates v. McDonald, 123 Ky. 596, 96 S. W. 865; and Provence v. Lucas, 107 S. W. 755; 32 Ky. Law Rep. 1058. There are several additional cases which recognize this interpretation by pointing out that an officer other than a Member of Congress was being or had been elected at the same time in a governmental unit coextensive with the territorial limits of the particular office which was to be or had been filled. The late case of Ward v. Siler, 272 Ky. 424, 114 S. W. 2d 516, is typical. The question presented was whether there could be an election for an unexpired term of the office of circuit judge when a Member of the national House of Representatives and members of the county boards of education in the several counties making up the judicial district were to be elected. It was held there could be because of the election of members of the school boards,

who are state officers. The case is distinguishable from the instant case, and not now in point, for at that time members of county boards of education were elected by the people of the entire county as a unit. Since then the Legislature has provided that they shall be elected in each of five separate divisions of a county. Acts of 1940, Ch. 71, now KRS 160.210. As shown in the recitation of the present conditions in the Fourth Appellate District, regular elections of members of boards of education are to be held this year in six separate and independent districts or divisions, and none at all in three divisions of Jefferson County.

Also, from the beginning the construction of Section 152 has been that it places a limitation not only as to time but as to territory. The regular election must be in territory of the same boundary, or contain the entire district or unit of government to which the office being filled belongs. The first case so holding seems to be Shelley v. McCullough, 97 Ky. 178, 30 S. W. 196. In Eversole v. Brown, supra, it was clearly and expressly held: "The language used, 'annual election at which either city, town, county, district or state officers are to be elected,' refers, not merely to the period of such election, but the place where it is to be held. The phrase conveys the idea, not only of time, but of territory. 'At which,' as used in this connection, means not only when, but where."

In Robinson v. McCandless, 123 Ky. 602, 96 S. W. 877, the unexpired term of office of Commonwealth's Attorney was to be filled by election, and a regular election was scheduled for a judge of the Court of Appeals in a district which embraced all of the circuit court district. It was held proper to fill the vacancy because there would be an election in all of that district for a state officer.

The identical situation both with respect to time and territory, was presented to the members of this court on a motion for a temporary injunction in a case pending in the Floyd Circuit Court, in June, 1942, styled "R. R. Allen v. A. B. Meade, Clerk, et al." The question was whether there should be an election held in November, 1942 for the unexpired term of sheriff of that county. The regular election was to be of a Member of Con-

gress and some of the members of the County Board of Education, but not in the entire county. Four of the judges concurred in the ·unpublished manuscript opinion of Judge Fulton that there could be no election of sheriff.

There are some reasons why the framers of the Constitution might have provided for the filling of vacancies by the people in any year where and when the election machinery of the entire governmental unit was to be in operation for a regular election of any kind, as in the case of a Member of Congress, or as in the case of various officers of state governmental units, or as in the present instance where there is not only regular election for Congressman and special election of a United States Senator and regular elections in perhaps ninety per cent of Jefferson County for members of the several boards of education. But the fact remains they did nót do so. The omission would seem to conflict with the general principle or policy that runs throughout the instrument and the Debates, that periods of service by appointment of constitutional officers shall be as short as practicable. On the other hand, our interpretation of Section 152 is consonant with a purpose, just as manifest, that the election of officers of integral or lesser units of the state government shall be separated and made independent of elections of Members of Congress. It may be recalled that at that time United States Senators were elected by the General Assembly and not by popular vote, so there is no reference to such officers in the related sections of the Constitution.

Be all this as it may, we are not ready to accept counsel's claim, so well and earnestly argued, that the construction heretofore given Section 152 was "grafted upon the Constitution by some early decisions" in violation of its plain language; or that it constitutes a "judicial edition of the Constitution." On the other hand, we need not ever accept as absolute, or even true, the rather famous dictum that, "The Constitution is what the judges say it is." We adhere to the construction not only in view of the long and consistent adjudication, but because we are not convinced it is wrong.

We are of opinion, therefore, that the judgment in the first-styled case, declaring that no election can be held this year for the unexpired term of the office of

Judge of the Court of Appeals from the Fourth District, should be and it is affirmed. The judgment in the second-styled case being to the contrary, it is reversed.

Judge Dawson not sitting.