## White v. Hubbard et al.

July 15, 1946.

John D. White for appellant.

Chas. C. Smith and T. T. Burchell for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

This case was submitted and decided at a special term of court held on July 15, 1946, and an order reversing the judgment was entered on that day because of the necessity for early disposition. Time was reserved for the preparation and filing of this opinion.

The appellant, E. G. White, is serving as sheriff of Clay County by appointment made February 8, 1946, to fill a vacancy created by the death of the incumbent. The appellees, Oscar Hubbard, John C. Burns, Herman Lewis, Leslie Marcum, Tom J. Henson and D. L. Gibson had filed their respective notifications and petitions to have their names placed on the ballot at the coming August primary election for nomination to the office of sheriff for the election to be held in November, next. White filed this suit against them and the County Court

Clerk, Squire Baker, for a declaration of rights and an injunction restraining the clerk from placing the names of the petitioners on the ballot. It appears that in addition to a member of Congress, two of the five members of the Clay County Board of Education are to be elected for full terms in November, 1946. There will be no such election in the other three divisions.

A restraining order was issued by the Circuit Clerk. The regular judge of the district being absent from the State, the defendants made a motion before Judge Sam Ward, of the Thirty-third Judicial District, to dissolve the restraining order. The plaintiff filed a motion before him to grant a temporary injunction having the same effect as the restraining order, and also moved that on final hearing the injunction be made permanent. The pleadings and depositions were submitted and Judge Ward having considered the same and arguments of counsel, adjudged that an election for sheriff in Clay County can be lawfully held. The restraining order was dissolved and the motion for an injunction overruled. The efficacy of the judgment was suspended for ten days that an appeal might be taken to this court. An appeal has been duly prosecuted and a motion made in accordance with the terms of Section 747 of the Civil Code of Practice seeking to have this court enter an order maintaining the status quo pending our decision.

It is not entirely clear that the judgment by its terms was intended to be final, but it would appear so, especially in view of the subsequent procedure followed by the appellant. Judge Ward was not authorized to render a final judgment in the case except in the capacity of a Special Judge of the Clay Circuit Court. The parties seem to have agreed that he should so act, for there was no objection. But in either event, in a case of this kind the relief sought and granted is the whole relief obtainable and the end of litigation is effectually reached. There is no subject matter left for future investigation or development, pending which the rights of the parties should be preserved. There is in fact a finality. Cases sometimes arise in which the need and exigencies do not permit postponement of a final decision in accordance with the usual and ordinary processes for final action or the award or denial of a permanent injunction. So as a practical matter an order upon a motion for a tempor-

ary injunction, or the dissolution of one already granted, is final in character. Of that character is the one issued and brought under review in Weaver v. Toney, 107 Ky. 419, 54 S. W. 732, 735, 50 L. R. A. 105, 21 Ky. Law Rep. 1157. As stated therein, ''This so-called temporary restraining order is in substance imperatively mandatory, and we must look at the substance, and not the shadow, of things.''

Therefore, we have resolved the doubt and regarded the judgment as a final one.

The decision is controlled by that in the Jefferson County case of Brumleve v. Ruth, Jr., Clerk, 302 Ky., 813, 195 S. W. 2d 777, holding that where there is no regular election to be held in the entire county or district for an officer in the same territory or boundary except a member of Congress, there can be no election to fill a vacancy or rather for an unexpired term.

Wherefore, the judgment is reversed.

Judge Dawson not sitting.