Olga PEERS, Appellant,

v.

Drexell R. DAVIS et al. and Laurence E. Higgins et al., Appellees.

Supreme Court of Kentucky.

Oct. 31, 1978.

Samuel Manly, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Miles H. Franklin, Asst. Atty. Gen., Frankfort, Bert T. Combs, William E. Scent, Tarrant, Combs, & Bullitt, S. J. Stallings, Louisville, for appellees.

JONES, Justice.

The issue presented is whether Section 152 of the Kentucky Constitution requires or permits an election to be held at the regular election in November 1978 for the unexpired term of Judge of the Jefferson Circuit Court, 13th Division. This court has reviewed the record, the briefs of the parties, and heard oral arguments. At the conclusion of oral arguments the court announced its decision from the bench that the judgment of the trial court was affirmed and that an opinion would follow.

On November 3, 1977, Thomas A. Ballantine, Judge of the Jefferson Circuit Court, 13th Division, resigned from that office in order to accept a commission as Judge of the United States District Court for the Western District of Kentucky. Judge Ballantine had been elected in November 1975, and his term had approximately six years to run following his resignation.

On February 9, 1978, Laurence E. Higgins was appointed by the Governor of Kentucky to fill the vacancy caused by Judge Ballantine's resignation. The territory covered by the office of circuit judge in the 13th division embraces all of Jefferson County. Prior to the primary election in May 1978, petitions for nomination for the office of Judge, Jefferson Circuit Court, 13th Division, were filed with Drexell R. Davis, Secretary of State, by both Judge Peers and Judge Higgins. On advice of the Attorney General, the Secretary of State, on March 30, 1978, informed Judge Peers that he would not certify her as a candidate for the 1978 election because an election for the unexpired term could not be held until 1979. The Secretary of State refused to issue a certificate of nomination for either

Judge Peers or Judge Higgins. This action precluded their names from appearing on the ballot at the November 7, 1978 general election.

Judge Peers commenced this action in the Franklin Circuit Court on April 27, 1978. She asserted that there must be an election in November 1978 to fill the vacancy. On August 18, 1978, the trial court denied Judge Peers' motion for summary judgment. The trial court held that Section 152 of the Kentucky Constitution is determinative of the issue in this case and that Section 152 was neither expressly nor impliedly repealed or amended by the enactment of the Judicial Article except that Section 118 provides for the Judicial Nominating Commission. The trial court held also that the only office embracing all of Jefferson County to be filled at the November election in November 1978 is that of United States Senator. He also held that office is not a state office within the meaning of Section 152. The real grist of the trial court's finding was that Section 152 of the Kentucky Constitution does not require, nor does it permit, an election to be held at the regular election in November 1978 for the unexpired term of Judge, Jefferson Circuit Court, 13th Division.

Judge Peers filed her notice of appeal and sought transfer of this case from the Court of Appeals to the Supreme Court and moved to advance the appeal on the docket for speedy hearing and disposition. On October 2, 1978, this court granted her motion to transfer and set oral argument for Wednesday, October 4, 1978. The court also directed the Franklin Circuit Court Clerk to transmit the entire certified trial record to the clerk of this court.

Judge Peers contends that the enactment of the Judicial Article, which includes a repealer division set out in Section 124 of the Constitution, repealed so much of Section 152 of the Kentucky Constitution as conflicts with Sections 117 and 118 of the Constitution which are contained in the Judicial Article.

Judge Peers also contends that the November 1978 election is an election within the meaning of Section 152 of the Kentucky Constitution, since it includes an election for the office of United States Senator. She argues that a United States Senator is a state officer under Section 152 of the Constitution. Peers relies on the provisions of KRS 118A.100(1) in support of her contention that there must be an election to fill the vacancy in the 13th Division of Jefferson Circuit Court in November, 1978. KRS 118A.100(1) provides as follows:

"Filling vacancy for unexpired term.—(1) Candidates for an unexpired term of a judicial office to be filled at a regular election shall be nominated at the primary next preceding the regular election in the manner prescribed in KRS 118A.060 if the vacancy occurs not less than seventy (70) days before the primary. If the vacancy occurs on or after the seventieth day before the primary, the election to fill the unexpired term shall be held in accordance with the procedures described in this section and *section 152 of the constitution of Kentucky.* . . ." (Emphasis added).

Section 152 of the Constitution clearly prohibits an election to fill the vacancy in the unexpired term in the 13th Division of Jefferson Circuit Court because there is no regular election to be held in Jefferson County embracing the entire county.

The pertinent parts of Section 152 of the Kentucky Constitution relating to this controversy provide:

"§ 152. Vacancies—When filled by appointment, when by election—Who to fill. —Except as otherwise provided in this Constitution, vacancies in all elective offices shall be filled by election or appointment, as follows: If the unexpired term will end at the next succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment for the remainder of the term. . . ."

The second sentence of Section 152 of the Kentucky Constitution provides that:

"If the unexpired term will not end at the next succeeding annual election at

which either city, town, county, district or State officers are to be elected, and if three months intervene before said succeeding annual election at which either city, town, county, district or State officers are to be elected, the office shall be filled by appointment until said election, and then said vacancy shall be filled by election for the remainder of the term. . . ."

The only annual elections to be held in Jefferson County in 1978 that involve either "city, town, county, district or State officers" are certain school board elections. This court has construed Section 152 as requiring all vacancies to be filled at the next regular election "embracing the area in which the vacancy has occurred." Because the Jefferson County School Board elections do not embrace the entire county, they fail to embrace the judicial circuit, the area in which the vacancy in question occurred.

In *Brumleve v. Ruth*, Ky., 195 S.W.2d 777 (1946), this court held that no election to fill a vacant Court of Appeals judgeship could be held, where the only offices to be filled at the upcoming election were a Representative in Congress, a United States Senator, and various school board positions. This court has also stated that "It is undisputed that if there were only a member of Congress and a United States Senator to be elected at that time, there could be no election to fill the vacancy in the office of Mayor." *Smith v. Ruth*, Ky., 212 S.W.2d 532 (1948).

The vacancy in question cannot be filled at the regular election in November 1978 by the express provisions of Section 152 of the Kentucky Constitution. It is the opinion of this court that the vacancy existing in the office of Judge, Jefferson Circuit Court, 13th Division, cannot be filled until the regular November 1979 election which is an election for statewide officers embracing the entire state.

The judgment is affirmed.

All concur.