## Fidelity & Deposit Company of Maryland v. Christian County Board of Education et al.

(Decided February 8, 1929.)

LEO T. WOLFORD and WILLIAM MARSHALL BULLITT for appellant.

O. H. ANDERSON, W. O. SOYARS, McKENZIE & SMITH and BREATHITT & BREATHITT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Reversing.

This is an action by the Christian county board of education, hereinafter called "the board," against J. J. Cliborne, ex-sheriff of Christian county, the Fidelity & Deposit Company of Maryland, surety upon the bond of Cliborne, later to be called the "Deposit Company," and Christian county, to recover excess commissions allowed Cliborne as sheriff for collecting school taxes for the years 1920-21. The Act of March 22, 1920 (Ky. Stats., sec. 4399a1 et seq.) as construed by this court in Owen County Board of Education v. Kemper, Sheriff, 197 Ky. 407, 247 S. W. 25, decided January 23, 1923, provides for the payment by the board of education of 1 per cent. commission for the collection of school taxes. But, inasmuch as prior to this act the commission was 4 per cent. on the amount collected, it was further held in that opinion that sheriffs then in office, and receiving less than $5,000 in fees and emoluments annually, while restricted to the retention of 1 per cent. from the board of education, could require the fiscal court to pay the other 3 per cent.

It appears that by mistake or oversight Cliborne, as sheriff, was allowed the full 4 per cent. commission for collecting the 1920 school taxes, an aggregate sum of $3,-006.63, against the board, or $2,254.95 in excess of the amount that should have been charged to it. This settlement was duly approved by the Christian county fiscal court without exception. The sheriff was likewise allowed 4 per cent. commission, or $1,790.36 in excess of 1 per cent. of the 1921 levy. At the latter date a question had arisen as to the proper construction of the 1920 act, and the fiscal court directed that this sum should be kept by the sheriff in a special fund until the Court of Appeals should decide if, and to whom, it should be charged. The matter remains in statu quo until after the decision in the Kemper case. Later a shortage in the accounts of Cliborne was discovered by the fiscal court, and the matter was taken up and adjusted with the Deposit Company as surety. By the terms of this settlement, which was made an order of the fiscal court, the Deposit Company paid the fiscal court $7,163 in compromise of all existing claims against it on all the surety bonds. And this sum was accepted by the fiscal court in full discharge and release of the Deposit Company "from any and all claims, debts, demands, obligations, causes of action, judgments,

and warrants which Christian county has or may here-after have against it on all surety bonds." And it was further provided: "The fiscal court assumes liability and agrees to pay the amount overpaid by the board of education on the 1921 settlement."

It appears that Cliborne continued to retain the $1,-790 which he claimed as part of his commissions for collecting the school tax, and this suit was instituted on the 12th of January, 1924, by the "board of education" against J. J. Cliborne, his surety, the "Deposit" Company and 'Christian county, to recover the 3 per cent. excess commission thus retained by Cliborne during the years 1920 and 1921, amounting of $2,254.98 and $1,790.36, respectively. The "Deposit" Company answered, denying liability; pleaded the compromise of April 12, 1923, as a full settlement and release of all its liabilities by the fiscal court of Christian county, the fiscal agent of that county; and pleaded knowledge of that settlement upon the part of the county board of education and the payment of the consideration therein by the Deposit Company as an estoppel against the board of education. It also made its answer a cross-petition against Christian county, and asked that, in the event it should be required to refund the commissions claimed to the board of education, it should have judgment over against Christian county for the amount thus expended. It also made its answer a cross-petition against the deputies under Cliborne as sheriff, charging that they divided commissions with Cliborne at a time when they knew him to be insolvent, and sought to be reimbursed by them for any judgment against it. It further pleaded that, if the settlement with Christian county was held not to be binding upon the board, in such event the county should be held to be trustee, holding the funds paid to it by the deposit company in trust, and required to pay the board's demands.

Christian county answered plaintiff's petition by denying its liability, and denying that the settlement of April 12, 1923, referred in any way to the excess commissions claimed. The answer was made a cross-petition against Cliborne. In it the county asserted judgment claims against him for $4,839.33 and $1,930, respectively, which it sought to set off against any claim asserted against it in this action. It ignored the cross-petition of the Deposit Company. The answer of Myers, Davis, and Williamson, deputy sheriffs, to the cross-petition of

the Deposit Company, was in the nature of a plea in abatement, and alleged the pendency of a similar action by the Deposit Company against them in the federal court to recover on the same ground of action. The circuit court overruled a demurrer to the answer of Myers, Davis, and Williamson. It dismissed the answer and cross-petition of the Deposit Company against Christian county and overruled the demurrer to the cross-petition of Christian county, and finally rendered judgment in favor of the county board of education against Cliborne, as sheriff, and the Deposit Company, as his surety. The Deposit Company appeals.

Admittedly the fiscal court is the fiscal agent of the county and fully authorized to settle disputed claims on behalf of the county. Shipp v. Rodes, 196 Ky. 523, 245 S. W. 157. Nevertheless we do not think it had power and authority to release the surety from liability to the school board. The school tax is separate and distinct from the county tax. The members of the county board of education are state officers, and not county officers. The only function of the fiscal court in connection with the board of education is to levy the tax recommended by the former board. Otherwise, the two organizations function separately, and neither has any control over the other. Consequently the fiscal court could not compromise the claim due the board of education by the sheriff and his bondsmen, nor cancel the sheriff's bonds in so far as they protected that board's rights; and, as the sheriff admittedly retained from the board the excess commissions claimed in the petition, the court properly rendered judgment against the Deposit Company for that amount.

It does not follow, however, that the Deposit Company's cross-petition against the county should have been dismissed. At the time the sheriff filed his settlement with the fiscal court, he was claiming 4 per cent. commission on the collection of school taxes. It afterward developed that he was right in this contention, though he was only entitled to retain 1 per cent. from the taxes collected for the board, and the remainder was payable by the county. The Kemper case had been decided, and formed the basis of the compromise settlement of April 12, 1923. At that time all the parties knew the sheriff was liable to the board for 3 per cent. excess commissions, which he had collected and retained, and that the county

was liable to him for a like amount. If all the parties had been solvent, this case would have presented only a technical default on the sheriff's part, and a simple plan would have been for the county to pay the board the amount thus due it. But the sheriff was delinquent in other matters, and in making the compromise the county retained the 3 per cent it owed him for collecting the school taxes, and in addition thereto received $7,100 from the Deposit Company in full settlement and satisfaction of all claims arising upon the bonds which it had executed. It also specifically agreed to repay $1,790 of the amount due the school board, and by operation of law, when it retained the school tax commission due the sheriff, and for additional consideration undertook to release the surety, it became obligated to the surety to pay the full amount of such commissions. Upon the county's failure to pay the board the obligations thus assumed, and the surety being required to pay same, the county became liable therefor to the surety, notwithstanding the fact that it may have other claims against the sheriff, which it could offset in an action against him. That this was the intention of the parties is illustrated by the compromise agreement and order of the fiscal court, which permitted the Deposit Company to proceed against the sheriff for reimbursement in the amount it had thus paid; it being further agreed that, after the Deposit Company had been reimbursed in this way, the county might proceed to collect any other indebtedness due the sheriff to reimburse it for certain other claims which it had against the sheriff, it otherwise appearing that these claims were the same claims that it now holds against the sheriff.

It follows that the court erred in dismissing the Deposit Company's cross-petition against Christian county; and, as this pleading was not controverted, it should have given the Deposit Company judgment against Christian county for the amount of the judgment rendered against it in favor of this board.

Wherefore the judgment is reversed, and cause remanded for proceedings in conformity herewith.