## Tipton v. Commonwealth.

(Decided March 20, 1931.)

HUNTER M. SHUMATE and SHUMATE & SHUMATE for appellant.

JOHN W. WALKER, CLARENCE MILLER, B. H. SCOTT and E. B. ROSE for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

This action was brought by the commonwealth of Kentucky on May 31, 1930, suing by and through John W. Walker, the commonwealth attorney of the Twenty-Third judicial district, on behalf of the commonwealth, under sections 483-485 of the Civil Code, to prevent Hobart Tipton from usurping the office of member of the county board of education of Estill county. The circuit court entered judgment for the plaintiff. The defend-

ant appeals. Sections 484 and 485 of the Civil Code of Practice provide:

"It shall be the duty of the several Commonwealth attorneys to institute the action mentioned in this chapter against usurpers of county offices or franchises, if no other person be entitled thereto, or if the person entitled fail to institute the same during three months after the usurpation." Section 484.

"For usurpation of other than county offices or franchises, the action by the Commonwealth shall be instituted and prosecuted by the Attorney-General." Section 485.

Section 92 provides:

"A special demurrer is an objection to a pleading which shows—

"1. That the court has no jurisdiction of the defendant or of the subject of the action; or,

"2. That the plaintiff has not legal capacity to sue; or,

"3. That another action is pending, in this State, between the same parties, for the same cause; or,

"4. That there is a defect of parties, plaintiff or defendant. Either of said grounds of objection, shown to exist by a pleading, is waived, unless distinctly specified by a demurrer thereto, except the objection to the jurisdiction of the court of the subject of the action, which objection is not waived by failing so to make it; but a party failing so to make it when or before he files a pleading, other than a demurrer, is liable for all costs resulting from such failure."

The defendant filed with his answer his special demurrer, among other things, in these words:

"The defendant, Hobart Tipton, demurs specially to the petition herein because:

"1. John W. Walker, as Commonwealth's Attorney, has no right to maintain this action for any purpose.

"2. Because he does not have the sanction of the Attorney General of the State of Kentucky in bringing this action."

A few days after this the case came before the circuit judge on a motion for an injunction and on June 17, 1930, he filed an order and elaborate opinion sustaining the right of the commonwealth's attorney to maintain the action, concluding with these words:

"From the above observations, it appears proper to hold and it is held that the Commonwealth's Attorney may maintain this action. Therefore, at the proper time, nothing to the contrary appearing, the special demurrer to the petition will be overruled."

The case came on for final trial on October 20, 1930. The court entered judgment pursuant to the opinion he had delivered in June on the motion for an injunction, adjudging Tipton a usurper, and that the plaintiff recover cost. Tipton did not except to the judgment, but filed motion for a new trial on the ground that the judgment was not sustained by the evidence, and for errors of the court prejudicial to his substantial rights. His motion for a new trial was overruled. He excepted and prayed an appeal which was granted. There is no mention in the judgment of the special demurrer and no exception by the defendant, except to the refusal of the court to grant a new trial. It is earnestly insisted for the appellee that the objection that the commonwealth attorney was without authority to maintain the action was waived, and that this question cannot be considered here.

The opinion and order, above referred to, though filed in vacation, were duly entered upon the order book of the court, and the final judgment entered in the case was clearly rendered upon the basis of this written opinion and order. The failure to insert in the judgment that the special demurrer was overruled was a mere clerical error; for plainly from the record this matter was pressed before the court, and his decision on this point is really the basis of the judgment. The court therefore concludes that the objection that the commonwealth attorney was without authority to sue was not waived.

Since the decision of this case in the circuit court, the question of the commonwealth attorney's power to bring an action in a case of this sort was before this court in the case of Commonwealth v. Burnett, 35 S. W.

(2d) ——, decided February 17, 1931, and in that case it was determined that a school superintendent is not a county officer but a state officer, as he is a part of the state system of education. The same rule must inevitably apply to a member of the county board. It necessarily follows that, the commonwealth attorney having no authority to maintain the action, the circuit court should have dismissed it.

Judgment reversed, and cause remanded for a judgment as above indicated.

Whole court sitting.