## Middleton v. Middleton et al.

(Two Cases)

(Decided June 4, 1931).

Opinion of Judge Richardson—Sustaining Order Dissolving Temporary Restraining Order in First Action, and Setting Aside Order Granting Temporary Injunction in Second Action.

In the first above styled action, G. W. Middleton, Millard Kelly, Dan Kelly, Joe Cawood, and Bob Wilson are defendants. The last four named defendants are members of the board of trustees of the Evarts graded school district in Harlan county. G. W. Middleton was elected a member of it in May, 1929. At the November election, 1929, he was elected a member of the board of trustees of the city of Evarts, qualified on the first Monday in February, 1930, took oath of office and entered upon a discharge of his duties. After his election and qualification as a member of the board of trustees of the city of Evarts, he continued to discharge the duties as trustee of the Evarts graded school district. At the same time, he discharged the duties of the office of trustee of the city of Evarts and continued to do so until some time during the year 1931. During this time, Millard Kelly, Dan Kelly, Joe Cawood, and J. Morgan Middleton were the qualified and acting comembers with G. W. Middleton as trustee of the Evarts graded school district. The terms of Joe Cawood and J. Morgan Middleton expired in May, 1931, the date of the regular election and the time for the election and qualification of their successors in office. Several candidates were presented to the

people of this school district at the May, 1931, election as candidates for the office. At this election Joe Cawood, Bob Wilson, and J. Morgan Middleton were candidates and were voted for, for the office of trustee of the school districts. Joe Cawood received 493 votes, Bob Wilson 472, and J. Morgan Middleton 166, votes. The officers who held the election made returns of the poll books and certified the result of the election to the Board of trustees of the Evarts graded common school district; three of whom duly convened at the office of the county court clerk of Harlan county, examined and compared the same, and issued certificates of election to Cawood and Wilson for the regular terms of three years each. At this meeting of the board of trustees there were present and participating in the performance of its official duties, Millard Kelly, Dan Kelly, and J. Morgan Middleton. In addition to discharging the duties imposed upon them by section 4465, Ky. Statutes, they proceeded to declared:

"That G. W. Middleton having heretofore been elected a member of the board of trustees of the Evarts graded school district and qualified as such and thereafter at the November election, 1929, was elected a member of the board of trustees of the town of Evarts, a civil office incompatible with the office of board of trustees for the Evarts graded school district, and thereafter said G. W. Middleton accepted said office of board of trustees of the town of Evarts and qualified as such and entered upon the discharge of his duties as such and thereby vacated the office of member of the board of trustees of the Evarts graded school district."

Following the making of a record of this declaration, a motion was made, seconded, and "unanimously carried" by which they declared a vacancy to exist in the office of the board of trustees of the Evarts graded school district on May 1, 1931, the date of the regular school election, and that J. Morgan Middleton having received the next highest vote cast at the election for school trustee, he was duly elected to fill the vacancy created by the acceptance by G. W. Middleton of the office of trustee of the city of Evarts. Following this, J. Morgan Middleton took the oath of office as trustee and began to engage in the official actions of the board of trustees and otherwise to discharge the duties of the office.

762

He filed the first entitled action on the 8th day of May, 1931, and procured a temporary order against G. W. Middleton restraining him from interfering with him (J. Morgan Middleton) in the discharge of his duties as a member of the board of trustees of the Evarts graded school district. On the 12th day of May, 1931, G. W. Middleton filed the second entitled action against J. Morgan Middleton, Millard Kelly, Dan Kelly, Joe Cawood, and Bob Wilson, as members of the board of trustees of the Evarts graded common school district. He set up his election and the election of his comembers of the board for a term of three years from the date of their respective elections, his qualifications, and acceptance of the office. He charged that J. Morgan Middleton was not a member of the board of trustees of the Evarts graded common school district; that at the election in May, 1931, there were two vacancies to be filled, and that Joe Cawood and Bob Wilson were candidates at that election and received the highest number of votes respectively, and were duly elected to fill those two vacancies; that J. Morgan Middleton was a candidate at that election for a full term of three years to fill one of the two vacancies, and that he was defeated by receiving a smaller number of votes than Cawood or Wilson. He sought an injunction against J. Morgan Middleton and other members of the board of trustees, enjoining J. Morgan Middleton from participating in the actions of the board of trustees, and against his codefendants restraining them from recognizing him (J. Morgan Middleton) as a member of the board of trustees. The respective motions of J. Morgan Middleton and G. W. Middleton came on for hearing before Judge D. C. Jones. By agreement the actions were consolidated, and it was agreed that they be heard and determined together. At the hearing the temporary restraining order that had been issued in the first entitled action was dissolved. In the second entitled action the court granted a temporary injunction "enjoining the defendant, J. Morgan Middleton from acting or attempting to act as a member of the board of trustees of the Evarts graded common school district and from interfering in any way with George W. Middleton in the discharge of his duties as trustee of the district until final judgment in the case." J. Morgan Middleton excepted to the rulings of the court in both cases, asked for and was granted 15 days in which to enter his motion before a judge of this court as provided by sections 296 and 297, Civil Code of Practice.

On the hearing before Judge Jones a stipulation of fact was entered into and filed. M. G. Smith was introduced as a witness, and certain exhibits were made a part of the record by his testimony. The record including the evidence read and heard on the trial, together with a copy of notice of this application in the two consolidated actions, are presented to me as a judge of the Court of Appeals for proper orders.

From a statement of the case it is shown that J. Morgan Middleton was present and participated with two of his fellow members of the board of trustees of the Evarts common school district in the declaring that G. W. Middleton had vacated his office by reason of his election, qualification, and acceptance of the office of member of the board of trustees of the city of Evarts and in declaring J. Morgan Middleton duly elected to fill that vacancy at the election held May 1, 1931. A copy of the petition signed by the legal voters of Evarts common school district, placing the name of J. Morgan Middleton as a candidate for the office of trustee of the Evarts graded common school district for the regular term expiring in 1934, is a part of the record. It shows that he was not a candidate, nor voted for as a candidate, to fill a vacancy created by G. W. Middleton accepting the office of trustee of the city. The three members of the board of trustees at that time had no authority to declare a vacancy and select J. Morgan Middleton to fill it. It needs no authority to sustain the statement that his participation and acting in his own behalf in such transactions to that extent rendered their acts void. The law does not allow self-interest to determine as juror, judge of a court, or school trustee, one's own rights and at the same time determine or try another's conflicting rights. In addition to this the official act was done without notice to G. W. Middleton. Commonwealth v. Livingston, 171 Ky. 52, 186 S. W. 916. The board of trustees of a common graded school district when in session to "examine and compare" the poll books and returns of the election of members of the board of trustees, "and issue certificates to the persons found to be elected," as prescribed by section 4465, Ky. Statutes, may discharge only those statutory duties. This section enumerates the duties which they may perform on such occasion. No language is found in it authorizing three of such board of trustees on such occasion to inquire into or determine the rights of any member of it or fill a vacancy. No authority is given by its language

to three members of the board of trustees to determine on such occasion whether any member of the board has or has not, with or without cause, vacated his office. They could then and there only discharge the duties enumerated supra. The action of Millard Kelly, Dan Kelly, and Morgan Middleton at the time and place of the canvassing of the returns of the election of school trustee of the district on May 6, 1931, in so far as they attempted to declare a vacancy in the office of trustee by virtue of G. W. Middleton having accepted the office of trustee of the city of Evarts, and in so far as they attempted to declare J. Morgan Middleton elected to fill the vacancy, were void for (a) the want of authority to exercise such right, power, or jurisdiction, and because (b) the board of trustees was not in session for that purpose, and (c) J. Morgan Middleton was himself an interested party acting in his own behalf, and (d) without his presence no quorum of the board of trustees was present. My conclusions in this regard must not be understood or construed to refer to the action of these members of the board of trustees in canvasing the returns and issuing certificates to Cawood and Bob Wilson for the regular terms for which they were elected. It follows from what I have stated that J. Morgan Middleton's term had expired and his successor had been elected, and he had not been voted for or elected to fill a vacancy, and therefore he had no right to the office for which he sued at the time of the institution of his action, and the trial court did not err in refusing to decline to grant a temporary restraining order in his action.

In regard to the rights of G. W. Middleton to relief in the second entitled action, a different question is presented. Section 165 of the Constitution, and the statute enacted in pursuance to it, forbid one from holding at the same time incompatible offices. Section 3746, Ky. Statutes, which was enacted in pursuance to this section of the Constitution, declares what offices are incompatible. It is the purpose of the Constitution and the policy of the law not to permit the same person to fill two offices at the same time. One reason for the constitutional and statutory provisions is that the influence and authority of the one office may not be combined with the influence and authority of another in the discharge of the duties of either. It is the duty of a public servant or officer to discharge his official duties uninfluenced by the duties and obligations of another office, whatever the title or duties may be. Both the Constitution and the statute were

intended to secure to the public the unbaised, uninfluenced, and faithful discharge of official duty by the incumbent of one office at the time. Both recognize the office of a member of the city council and the office of trustee of common graded schools as independent offices. The statute provides in detail for the filling of both offices. The office of school trustee was recognized as incompatible with the office of teacher of common schools in Ferguson v. True, 3 Bush 255. The office of city collector and deputy sheriff are incompatible, one with the other. Keating v. City of Covington, 35 S. W. 1026, 18 Ky. Law Rep. 245. The office of county health officer and the office of city councilman are incompatible. Vickers v. Sory, 102 S. W. 272, 31 Ky. Law Rep. 277. The office of school trustee is incompatible with the office of postmaster and both cannot be held at the same time by the same person. Johnson v. Sanders, 131 Ky. 537, 115 S. W. 772. The office of councilman or trustee of a city is a municipal office within the purview of section 3746, supra; Keating v. City of Covington, supra. The office of school trustee is recognized and named by section 155 of the Constitution. It is recognized by section 3746, Ky. Statutes. In Hoskins v. Ramsey, 197 Ky. 465, 247 S. W. 371, the Court of Appeals declared that members of the county board of education are state and not county or municipal officers. In Commonwealth, by Board, v. Louisville National Bank, 220 Ky. 89, 294 S. W. 815, it is pointed out that the Court of Appeals has several times written that a district school officer is not an officer of a city, town, or county or any subdivision of the county, but is a state officer, carrying out the purpose of a state institution. This was again stated in Fidelity & Deposit Co. v. Christian County Board of Education, 228 Ky. 362, 15 S. W. (2d) 287. See Com., ex rel. Baxter, v. Burnett, 237 Ky. 473, 35 S. W. (2d) 857. It may be regarded as settled in this state that the office of school trustee is a state office and the office of city councilman or town trustee is a municipal office and are incompatible within the meaning of section 3746, Ky. Statutes, and section 165 of the Constitution, supra.

The status in law of G. W. Middleton remains to be considered after his election and qualification as trustee of the graded school district, and after his subsequent acceptance, qualification, and assumption of the duties of trustee or councilman of the city of Evarts.

In Hermann v. Lampe, 175 Ky. 109, 194 S. W. 122, 127, it was written:

> " 'A vacancy in office for any of the causes enumerated in the statute occurs usually at the time of the happening of the event, whose occurrence, by the statute, is the cause of the vacancy, and no judicial determination, that a vacancy has occurred is necessary.' Long v. Bowen, 94 Ky. 540, 23 S. W. 343, 15 Ky. Law Rep. 276; Bowen v. Long, 44 S. W. 647, 19 Ky. Law Rep. 1881. There is an exception to this rule, which is, where the vacancy is claimed to arise from the misconduct of the incumbent of the office, which works a forfeiture of it." Page v. Hardin, 8 B. Mon. 648; Todd v. Dunlap, 99 Ky. 460, 36 S. W. 541, 18 Ky. Law Rep. 329.

This case is controlled by the first rule above stated, and by section 3744, Ky. Statutes, which reads:

> "The acceptance by one in office of another office, or employments incompatible with the one he holds, shall operate to vacate the first." Hoglan v. Carpenter, 4 Bush 89; Herman v. Lampe, supra.

The interested reader will find this subject fully discussed by the Court of Appeals in Hermann v. Lampe, supra. In Vickers v. Sory, supra, a member of the city council subsequent to his election and qualification was appointed to the office of member of the county board of health, accepted the appointment, and assumed the discharge of the duties of the latter office. The mayor of the city refused to recognize him as a member of the town council. The council proceeded to fill the vacancy created by his acceptance of the office of county board of health. He filed an action seeking a mandamus against the mayor and council to compel them to recognize him as a member of the council after he had accepted the office of health officer of the county. The trial court granted the order. The Court of Appeals reversed the judgment of the circuit court and remanded the cause, with directions to dismiss the petition. Under the authorities supra, and following the rule in Vickers v. Sory, supra, G. W. Middleton was not entitled to the restraining order granted to him by the trial judge. He vacated the office as we have indicated, and, the board of trustees of the graded common school district having failed to fill the vacancy

either before or after the election of May, 1931, it existed at the time of the filing of his action. The vacancy is controlled by the statute which is in this language:

"If at any time there should be a vacancy in said board, the same should be filled by election by the remaining members, and the person elected to fill such vacancy shall hold office until the next regular election of trustees when his successor shall be elected to fill out the unexpired term." Section 4465, Ky. Statutes.

With these views, it is ordered that the trial court enter an order dissolving the restraining order issued in the last above entitled action. The motion of J. Moran Middleton to set aside the order of the trial court dissolving the restraining order and his motion in the first entitled action to grant a restraining order are both overruled.

Chief Justice Thomas, and Justices Clay and Willis heard and considered this motion with me, and concur herein.