## Board of Trustees of Fairview Graded Common School District et al. v. Renfroe et al.

(Decided May 28, 1935.)

SAM SPARKS and DYSARD & TINSLEY for appellants.

WAUGH & HOWERTON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is another action to prevent the members of a board of graded school trustees disregarding a contract employing teachers, made by their predecessors.

Prior to and on the 15th day of April, 1934, Roy Hillman, W. D. Clark, Ernest Young, W. H. Stull, and J. L. Kimball constituted the board of trustees of the Fairview graded common school district of Boyd county. On the latter date, at a meeting of the board, composed of these individuals, it employed W. P. Renfroe, principal, Raymond Carroll, high school teacher, Clyde Bradley, Lawrence Stewart, Frances Young, Tay Lyons, Oletta Callihan, and Mrs. J. L. Kimball, grade teachers, for the school for the school year 1934-1935, and W.

H. Greer, janitor, for the same period. Accordingly, contracts were executed and delivered by the board and accepted by each of the above-named individuals. On June 8, 1934, when the board was composed of John C. Hatcher, Ollie Vance, James Mullins, Robert Enkie, and W. D. Clark, it entered on its record, minutes employing Dycie Mills, principal, Herbert Howard and L. A. White, high school teachers, Maude Workman, Alberta Mynhier, Mrs. Irene Miller, Miss Esther Rose, Mrs. Bessie Bryant McIntosh, and Miss Evelyn Fitch, teachers, and Frank Fitch, janitor.

This action was brought to enjoin the latter board and the principal of the school, the teachers, and the jaintor, named in the minutes of the board of June 8, 1934, from interfering with, hindering, and preventing Renfroe, the other teachers, and the janitor in the performance of their contracts with the board in office on the 13th day of April, 1934. They set forth in their petition "that they all claim an interest in this controversy and they are all necessary parties to a complete determination of the question involved; * * * they are united in interest in this controversy; that the question involves a common or general interest of many persons and for these reasons the plaintiffs joined herein in this suit, and for the same reason they have joined the defendants herein."

A stipulation of facts signed by the attorneys of the parties was filed September 3, 1934. It recites, inter alia, that the judge of the Boyd circuit court is absent from the district and "it is the desire of all the parties hereto that this case be disposed of as speedily as possible and with a minimum expense to the parties and to the end that there be the least interference possible with the opening of school in the district."

A general demurrer was filed, in vacation, to the petition. Also a motion "to require the plaintiffs to elect which of the several causes of action improperly joined shall be prosecuted herein and to elect which of the plaintiffs improperly joined as such herein shall prosecute this action."

On the 3d day of September, 1934, an answer was filed, which was controverted by a reply. On that day, the cause was submitted on the pleadings in accordance with the stipulation of the parties on the facts

contained in it, supplemented by the testimony of witnesses in open court.. The court in the final judgment overruled the general demurrer and the motion to elect and therein further recited that by the terms of the written stipulation "the parties agreed that G. W. E. Wolford, judge of the 37th judicial district, should hear and determine this case upon any and all motions by either party, and upon its merits and render a final judgment herein from which either party should have the right to appeal to the court of appeals in accordance therewith." The judge delivered a written opinion. It is copied in the judgment. It contains this statement:

> "The contention of the defendants being that the several causes of action are not joint, but that each plaintiff must prosecute and maintain an action for his or her own right; that neither has an interest in the cause of the other, but this point is not insisted upon and no one would question the authority of the court, if nine separate actions had been brought to consolidate them, and with this in view, together with the stipulation of the parties, as follows: 'It is the desire of all parties hereto, that this case be disposed of as speedily as possible, and with a minimum of expense to the parties and to the end that there be the least interference possible with the opening of school in the district.' Therefore the motion to require the plaintiffs to elect is overruled."

The predominant thought conveyed by the language of the parties' stipulation seems to have strongly influenced, if it did not control, the court in his ruling on the motion to elect, and having thus induced the court's ruling, even though it was concededly erroneous, the appellants are in no attitude to complain. The stipulation was the equivalent of a waiver of the motion to elect, and the court's ruling on the latter was tantamount to complying with their request to try the case on the merits, notwithstanding the pendency of the motion. It is very clear that if the stipulation was improperly treated by the court as a waiver of the motion to elect, and if his ruling regarding it was erroneous it was and is not a prejudicial error, justifying a reversal.

It is shown by the stipulation of the parties, as well.

as the verbal testimony of the witnesses, that W. H. Stull, who had theretofore been duly elected trustee of the district, on July 1, 1933, without resigning as trustee of the district, filed in the office of the clerk of Boyd county court his written notification and declaration as a candidate for the Democratic nomination for justice of the peace in Magisterial District No. 4 of Boyd County, to be voted for in the general August Primary election, 1933, and he continued to be a candidate at that primary, until the close of the polls, the completion of the tabulation, and count of the votes cast therein; that the record of the board of trustees of the graded school district shows that Stull, on September 14, 1933, and continuously thereafter, until the expiration of the term for which he was elected, discharged all of his duties of the office of trustee of the graded school district, during which time, on April 13, 1934, he participated with the other members of the board in the entering into the contracts with the teachers and janitor, shown by the board's record, including Renfroe.

The stipulation of the parties further sets forth that Renfroe was elected representative in the General Assembly of Kentucky, from the Eighty-Ninth district, at the regular election in November, 1933, for a term of two years, beginning the first Monday in January, 1934, and had served in the 1934 session of the General Assembly and at the extraordinary session in June, 1934, and is still holding the office of representative, and therefore was such on April 13, 1934, when he was employed as principal of the Fairview graded school.

It is here contended that Stull on filing his notification and declaration of candidacy for the office of justice of the peace, thereby forfeited his of trustee and thereafter as to him it was vacant, and all acts of his as a member of the board were invalid; that though acting as such he was neither a de facto, nor a de jure, officer, within the meaning of these terms. This insistence is predicated upon the language of section 4369k-5 Kentucky Statutes (Baldwin's 1933 Supp.). From this premise, it is argued that when he thus vacated his office, and Mullins and McGraw resigned and their resignations were accepted, the two members of the board then in office were without authority to select and appoint the successors of Mullins and McGraw, and Stull's participation in their election, he having theretofore

forfeited his office, did not have the effect of validating the appointment of their successors.

The fundamental error of this insistence arises from a failure to comprehend and properly apply section 4369k-5. It defines the eligibility of candidates for office of members of county boards of education and the causes for which an incumbent shall forfeit his office. The board of education with which this section deals is a county board of education organized under section 4399a-2. Section 4434a-8 declares the board of trustees of graded schools shall be a body politic and corporate with perpetual succession. Section 4466 reads:

"The board of trustees of a graded common school district shall be named and styled: 'the board of trustees of the ...... graded common school district,' and in that name may sue and be sued, contract and be contracted with," etc.

The mere reading of these sections is convincing, without authority, that section 4369k-5, Kentucky Statutes (Baldwin's 1933 Supp.), refers only to county boards of education, whereas section 4465 prescribes the qualifications of members of the boards of trustees of graded common school districts. As defined therein, they are entirely distinct from those prescribed by section 4369k-5. It is true that both county and graded common schools are a part of the common school system. But that does not warrant the application to the graded common schools of section 4369k-5. Clearly it is not a general provision applicable to all schools that compose the school system of the state, but a special provision applicable solely to county boards of education. Section 4465 was enacted for a like purpose and is applicable only to county schools under the jurisdiction of boards of trustees of graded common school districts.

It is true that section 4369k-5 provides "if he [a member of the county board of education] shall after election become a candidate for any office or agency or for the nomination thereto, the holding and the discharging of the duties of which would have rendered him ineligible before election * * * his office shall without further action be vacant, and it shall be filled as now provided by law," etc.

There is no such provision in section 4465, and the

Legislature having failed to include it in any other section governing graded schools, we are without authority to interpolate it under the guise of construction. It follows that Stull did not forfeit his office as trustee on becoming a candidate for the nomination of the office of justice of the peace; nor did he thereby vacate it. His acts as trustee after the primary election were those of a de jure officer, valid and binding on all parties, directly or indirectly interested therein. His engaging with the other members of the board of trustees, whose right to discharge the duties of the office of trustee is not disputed, rendered their action in appointing successors to Mullins and McGraw unquestionably valid. Hence, it is our conclusion the contracts of Renfroe et al. are not invalid and unenforceable on this point. The later elected board of trustees was bound thereby. It remains to be determined whether Renfroe by reason of his election to the office of member of the General Assembly of Kentucky was ineligible to enter into employment with the board of trustees for the position of principal of the school for the school year 1934-1935.

No provision of our Constitution prohibits a person who has been elected to the office of a member of the General Assembly from accepting, during the term of his office, another office or employment of the commonwealth, except section 44, which declares no senator or representative shall, during the term for which he is elected, nor for one year thereafter, be appointed or elected to any civil office of profit in this commonwealth, which shall have been created, or the emoluments of which shall have been increased during his term, except to such office that may be filled by the election of the people. Section 44 is inapplicable here. Section 165 of the Constitution and section 3746, Kentucky Statutes, declare what offices shall be incompatible. Under them, "no person shall, at the same time, be a state officer or a deputy officer, or a member of the general assembly, *and* an officer of any county, city, town, or other municipality, or an employee thereof; and no person shall, at the same time, fill two municipal offices, either in the same or different municipalities, except as may be otherwise provided" in the Constitution. Neither this provision nor section 3746 affected the right of Renfroe to accept employment and enter into the contract therefor with the board of trustees, unless same is a municipality

within the meaning of this term as it is used in these sections. If it be regarded a municipality, within the meaning of either, then his acceptance of the position of principal forfeited his office as representative (Middleton v. Middleton, 239 Ky. 759, 40 S. W. [2d] 311), for the prevailing rule is "the acceptance by one in office of another office, or employment incompatible with one he holds, operates to vacate the first." Hermann v. Lampe, 175 Ky. 109, 194 S. W. 122; Middleton v. Middleton, supra. It is apparent that subsequently serving in the General Assembly did not operate to affect his right to the position of principal of the graded school.

Boards of "trustees of common school districts" are recognized by section 155 of the Constitution and section 3746, Kentucky Statutes. Section 3746 names certain county offices which shall be deemed incompatible, the one with either of the others. Following those named, it employs the language of section 165 of the Constitution which we have often construed to embrace school trustee and in effect ruled that the office of trustee is a state office (Board of Education of Boyd County v. Trustees of Buena Vista School, 256 Ky. 432, 76 S. W. [2d] 267), and that a county, town, or other municipal offices and employees are incompatible therewith. See Middleton, 239 Ky. 759, 40 S. W. (2d) 311; Commonwealth, by Board, v. Louisville National Bank, 220 Ky. 89, 294 S. W. 815; Fidelity & Deposit Co. v. Christian County Board of Education, 228 Ky. 362, 15 S. W. (2d) 287; Com. ex rel. Baxter v. Burnett, 237 Ky. 473, 35 S. W. (2d) 857, and Tipton v. Commonwealth, 238 Ky. 111, 36 S. W. (2d) 855.

A fortiori, a principal or teacher employed by the trustees of a common graded school district is a state employee. There being no provision of the Constitution other than section 44, nor of the statutes, affecting the eligibility of a member of the General Assembly, or forbidding him accepting other employment of the commonwealth, during the term of his office, it is apparent that the court properly declared Renfroe's contract valid.

The judgment being in harmony with our views, it is affirmed.